## No. 8693.

### JULES A. FLORAT VS. THOS. H. HANDY ET AL.

An action lies to annul a money judgment against a surety on a sheriff's bond, when it is proved that since the joining of issue, the surety had paid, under judicial compulsion, the full amount for which he had signed the bond. Marcy vs. Praeger, 34 An. 54, affirmed.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*J. Q. A. Fellows* for Plaintiff and Appellant.

*W. S. Benedict* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an appeal taken by the original plaintiff in the case from a judgment rendered in favor of one of the original defendants, a sheriff's surety, annulling the original decree, on the ground that the surety has paid, under irresistible legal pressure, more than the amount for which he had bound himself on the sheriff's bond ($5,000.)

Florat recovered judgment against Handy, sheriff, and his sureties, among whom, Henry, for $4,666.90, with interest and costs. Prior to the signature of the judgment, Henry moved to set it aside and reopen the case, on the ground that he had paid more than the amount for which he was liable on the bond.

The application was refused, the Court saying, that Henry could not be prejudiced thereby, as he could show a settlement of his liability on the bond and have the judgment set aside as to him.

The judgment was signed. On its becoming final, execution issued. Henry, on the ground already stated, sued out an injunction, praying for the nullity of the judgment and a release of his liability under it.

Florat answered by a general denial, pleading specially *res judicata* and no right of action in Henry to annul the judgment.

There was judgment in favor of Henry, and Florat has appealed.

On the trial of the injunction, Henry proved that, since the joining of issue, he had paid $5,038.42, at different dates and in various sums.

The defense of *res judicata* could not hold. The judgment invoked was that against Handy and his sureties. It does not appear that the payment alleged by Henry, in his injunction proceeding, was set up in the case and passed upon by the judgment rendered. If it be *res judicata*, it can operate only on the issues presented. The other defense of no right of action is not better founded.

The law expressly permits an action in nullity of a money judgment, on exhibition of a receipt previously lost proving payment and extinguishment of the claim, although such proof was not administered on the trial of the main case. C. P. 613.

The learned counsel of defendant in injunction has taken great pains to gather many of the numerous authorities with which our jurisprudence teems, to establish the proposition advanced by him and which is not denied, that anything that might have been pleaded before judgment cannot be allowed to be set up as a defense to the execution of the judgment.

The difficulty in the case consists in applying that theory to the case at bar. Could Henry have raised the defense which he now sets up, when he joined issue in the main action ?

The question is easily answered in the negative. The answer was filed on November 1st, 1879, and the payments run from November 24th, following, down to April 23d, 1880. How could he have averred on November 1st facts which only occurred subsequently ? It is questionable whether, even if they had existed prior, he could consistently have set them up in the defense which he and his co-sureties filed to the action. If he could not do so then, he could not do it subsequently. In any case, the record shows that he attempted to show the payment before the judgment was signed and that his right to do so, recognized as it was, nevertheless was reserved for future action.

The ruling of the present Court, in Marcy vs. Praeger et al., 34 An.

54, clearly relieves a sheriff's surety from payment in excess of his subscription in the official bond.

It would be against good conscience to execute the judgment enjoined, and the defendant in writ is entitled to relief.

We find no error in the judgment appealed from, which is affirmed with costs.

Rehearing refused.