## No. 11,968.

MRS. AGLAE LANDRY ET ALS. VS. MRS. MARIE BERTRAND, ADMINIS- TRATRIX OF THE SUCCESSION OF MAXIMILLIEN LANDRY, JR.

The failure of a judge to render a judgment in a case within thirty days after it has been submitted to him, as required by Act No. 72 of 1884, does not carry with it as a penalty the nullity of a judgment subsequently rendered by him, if it be otherwise legal.

An action of nullity against a judgment does not lie upon a general allegation that it was rendered contrary to law and evidence. Where an appeal is the proper remedy for the correction of a judgment, an action of nullity can not be substitute d therefor.

A PPEAL from the Seventeenth Judicial District Court for the Parish of Lafayette. *Allen, J.*

*L. L. Bourges* for Plaintiff, Appellant.

*Conrad De Baillon* for Defendant, Appellee.

Submitted on briefs December 19, 1895.
Opinion handed down January 6, 1896.

The defendant, as administratrix of the succession of Maximillien Landry, Jr., filed a final account of her administration; plaintiffs opposed the same; by judgment of court in August, 1893, the oppo- sition was rejected, the account approved and homologated, the ad- ministratrix discharged and her bond canceled. The present suit in the District Court is to annul this judgment. The grounds relied upon by plaintiff are that, through the delay of the District Court in deciding the case, it had become advised of the decision in Lan-

FORTY·EIGHTH ANNUAL REPORTS, 1896. 49;

Landry et als. vs. Administratrix of the Succession of Landry, Jr.:

dry vs. Landry (reported in 45 An. 1113), affirming the judgment in the matter therein in litigation, and that knowledge of that decision had influenced the District Court in its judgment upon plaintiff's opposition to the homologation of the final account of the administratrix, to his prejudice; that such fact is a cause for annulment; that the judgment was contrary to the law and the evidence and *ultra vires* in so far as it discharged the administratrix and canceled her bond, as the evidence showed conclusively; that the real estate of the succession of Maximillien Landry, had never been sold by order of court; that it had been donated to some parties and allowed to be sold for taxes, all of which were acts of maladministration; that nevertheless, the judgment complained of had discharged the administratrix and canceled her bond.

The exception of no cause of action filed by defendant having been sustained and the suit dismissed, the plaintiff appealed.

---

The opinion of the court was delivered by

NICHOLLS, C. J. Plaintiff's allegations are of the vaguest character possible. She failed to annex to her petition, as part thereof, the *mortuaria* of the succession of Maxmillion Landry, Jr., or any particular portions thereof. She has caused the clerk of the District Court none the less to copy into the transcript a certified copy of what obviously is only a part of the proceedings in the matter of that succession. If we be authorized to look into the proceedings at all under the circumstances in which they are brought up, they fail to furnish us with *data* sufficient upon which to base any foundation for an action of nullity.

The plaintiff having withdrawn her charge that the administratrix had fraudulently caused the clerk of the court to file documents in that court, while the matter of her opposition to the homologation of the final account of the administratrix of the succession was under advisement, she left her demand for nullity of judgment based upon the grounds:

1. That the District Judge had held up a decision upon the matter of the opposition for over thirty days after the case was submitted and taken under advisement, and because pending that delay the decision of this court in the case of Landry vs. Landry, reported in 45 An. 113, had come to the·knowledge of the District Judge and·had·

4

influenced him to plaintiff's prejudice in the judgment which he rendered.

2. Because the judgment was contrary to law and evidence and *ultra vires*, and neither plaintiff nor his attorney were in the parish of Lafayette when the judgment was rendered, and that the rendition of the judgment became known to him only a month or two before the filing of the petition in the action for nullity of judgment (January 25, 1895).

In sustaining the exception of no cause of action, the District Judge correctly stated that a judgment, otherwise valid and legal, is not struck with nullity because it has been decided by the court at a date later than thirty days after the case, in which it was rendered, had been submitted to it. That Act No. 72 of 1884, requiring judgment to be rendered within thirty days, was a penal statute carrying no penalty other than that specifically fixed therein, and that nullity of the delayed judgment was not the penalty imposed by the act.

Referring to the other grounds of nullity, relied on, the District Court held that the fact that a judgment " was contrary to law and evidence" might be good ground for a new trial, or for a reversal on appeal, but it furnished no occasion for an action for its nullity in the absence of a charge of fraud or deception, especially where the party claiming to be aggrieved had, by his own *laches* and by his own acquiescence, allowed it to become final.

That plaintiff had expressly disclaimed charging fraud, and therefore the case did not fall under the exception stated by the court in Lazarus vs. McGuirk, 42 An. 194, but under the general rule that defences which a party had a chance to make which he should have made, and which he did make on the trial, would afford no justification for an action of nullity of the judgment rendered in the absence of a charge of fraud or deceit. The District Judge further said: " Plaintiff informs the court that her opposition was tried, argued and submitted, and judgment rendered on the —— day of August, 1893. Judges are bound to take cognizance of the minutes of their courts. On the day the judgment was signed, August ——, 1893, an appeal was granted by this court to the opponent. It was never prosecuted. Plaintiffs allege that neither they nor their attorneys were present in court when the judgment was rendered. The judgment was rendered and signed in open court,

Landry et als. vs. Administratrix of the Succession of Landry, Jr.

as shown by the judgment itself in this record. They should have been present. I know of no law which declares that the voluntary absence of litigants or their attorneys from their post of duty is a ground to annul a judgment. Those who by their own *laches* and indifference permit a judgment to become final without availing themselves of the relief which the law affords them for a year, can not, by alleging such facts, annul the judgment in the absence of fraud.''

We think it evident that plaintiff is attempting to substitute an action of nullity for an appeal. We know of no reason why the order of appeal which was granted to her could not have been effectively followed up for the correction of any errors which might have existed in the judgment. There is no claim that the case was not, at a regular term of court, and before a competent judge, regularly fixed for trial, taken up pursuant to assignment and legally disposed of with full opportunity for the production of evidence. It is not pretended that any evidence was introduced by the administratrix which she should not have properly and legally made use of. It is urged that pending the holding under advisement by the District Court of plaintiff's opposition, the judgment of this court in Landry vs. Landry was announced, and the court permitted itself to be influenced by it to plaintiff's prejudice; but it is nowhere asserted that the influence of that judgment upon the decision was not a legal one. If it led up to an erroneous judgment by the lower court, the judgment could have been reversed on appeal.

It is very true that Art. 556 of the Code of Practice classes an action of nullity as one of the methods by which definitive judgments may be revised, set aside or reversed, but the usual ordinary method for doing so is by appeal. An exceptional state of facts must be alleged to justify a recourse to an action of nullity—none such has been set forth in plaintiff's petition. The judgment rendered by the District Court may have been '' erroneous,'' but plaintiff has suggested nothing from which a court could infer that it is subject to attack by action of nullity.

The judgment appealed from is correct, and is affirmed.