PER CURIAM.
Following a jury trial, judgment was signed in favor of the plaintiff in the amount of fifty thousand dollars. Subsequently, the trial court granted the defendants’ timely-filed motions for a new trial.
The plaintiff-relatrix has applied to the supervisory jurisdiction of this court to secure revocation of the order granting a new trial. She contends that the trial court no longer had jurisdiction to grant the motions for a new trial because, at the time of the order granting it, more than ten days had elapsed from the time such motions had been submitted'for decision. She relies upon LSA-C.C.P. Art. 1979, which provides that, in the absence of joint stipulation, “The court shall decide on a motion for a new trial within ten days from the time it is submitted for decision * * (Emphasis supplied.)
We are unable to agree that the trial court is divested of jurisdiction to grant a new trial after the statutory ten days have elapsed. The Code of Civil Procedure does not so provide, nor is any authority to such effect cited to us.
To the contrary, under the jurisprudence interpreting the source statutes upon which the cited codal provision is based, the trial court is not divested of jurisdiction to sign a judgment or to dispose of a motion for a new trial upon expiration of the maximum periods provided by statute for him to do so, nor is his action in doing so subsequent to the maximum statutory delay a nullity. See Art. 558, Code of Practice of 1870, and LSA-R.S. 13:4207 (codifying previous statutes), as interpreted by Mercer v. Natchez, B. & S. Ry. Co., 136 La. 187, 66 So. 774; Landry v. Bertrand, 48 La.Ann. 48, 19 So. 126; Matthews v. Spears, La.App. 1 Cir., 24 So.. 2d 195.
As the Supreme Court noted in the above-cited Mercer case, despite the mandatory language of the statutes requiring the trial court to pass upon motions for a new trial within a specified period, 136 La. 193,
“ ‘The court cannot supplement the law and enact penalties where the Legislature has not deemed proper to append any. The provisions invoked are merely directory to the judge and designed to regulate the administration of his judicial powers or faculties and the discipline of his court. * * * The cast defendant has done everything which the law required of him. He has filed his motion in due time, has set forth plausible grounds, which were subsequently considered sufficient to justify a new trial, and is in no way chargeable with laches. * * * He is entitled to the action of the court on his motion for new trial as much as the appellant is to an order of appeal on his demand for one. Neither the one nor the other can be made to suffer where, by no fault of theirs, the new trial was not allowed [within the maximum statutory period].’ ” [136 La. 187, 66 So. 776.]
The present case concerns an unintentional and insignificant lapse of time in excess of the period statutorily allowed for the deciding of motions for a new trial. Following disposition of the motions for a new trial, the excess time is no longer an issue with which the appellate court is concerned, cf., Shreveport Grocery, Inc. v. Johnson, La.App. 2 Cir., 121 So. 351; although the remedy for a trial court’s refusal, after request, to render judgments within the maximum delays provided by LSA-R.S. 13:4207, or to decide motions for a new trial within the maximum delays provided by LSA-C.C.P. Art. 1979, may well be a resort to the appellate courts’ supervisory jurisdiction in order to secure compliance with the statutes requir *99 ing performance of such duties within the specified maximum delays.
For the reasons assigned, the application for supervisory relief is denied.
Application for supervisory writs denied.