On Application for Rehearing.

En Banc.
PER CURIAM.
As stated in our original opinion, we •dismiss this appeal because it was not taken within ninety days after the trial court’s -refusal to grant a motion for a new trial, as required by Article 2087 of the LSA-Code of Civil Procedure. In his application for rehearing, able counsel for the defendant-appellant points out that the present suit was filed before January 1, 1961, the effective date of the new Code of Civil Procedure; and he contends that, therefore, the appeal is not governed by the new Code but instead by the old Code of Practice which it superceded, under which appellants were permitted the longer period of a full year within which to take an appeal, Article 593, Louisiana Code of Practice of 1870.
In enacting the new Louisiana Code of Civil Procedure, the Legislature specifically declared it to be remedial legislation regulating actions pending on the effective date of its enactment, with certain specified exceptions, none of which apply here. Act 15 of 1960, Section 4.
In support of his contention, counsel relies on Price v. Taylor, La.App., 1 Cir., 139 So.2d 230. In that case, the appellee moved to dismiss an appeal taken on April 29, 1961 on the ground that it was not taken within 90 days of the judgment of May 10, 1960. Our brothers of the First Circuit there correctly refused to dismiss the appeal. In providing that the new Louisiana Code of Civil Procedure was to apply to pending litigation, the Legislature specifically provided the exception that none of the new Code’s provisions shall “shorten any procedural delay granted or allowed by any law in existence immediately prior to, and which had commenced to run but had not yet completely elapsed on, the effective date of this act”, Section 4 (B) (2) (b) of Act 15 of 1960, enacting the Louisiana Code of Civil Procedure. (Italics ours.)
In the present case, however, the trial court judgment was signed on January 12, 1962, and the timely-filed motion for a new trial was overruled on January 29, 1962, both of which dates were long after the effective date of the new Code, which required devolutive appeals to be *760 taken within ninety days instead of within a year as permitted by the former law. Unlike the situation in the Price case, where the judgment had been signed and the delay for taking an appeal had already commenced to run before the effective date of the new Code of Civil Procedure, in the present instance the judgment was signed after the Code’s effective date. The time within which to take an appeal from this judgment was therefore regulated by the new Code, the Legislature having provided that pending litigation was to be regulated by the new Code with limited exceptions, none of which are shown to be applicable here. See Broussard v. Broussard, La.App., 3 Cir., 143 So.2d 595, rehearing denied July 27, 1962; Manuel v. Travelers Ins. Co., La.App., 3 Cir., 131 So.2d 223.
Counsel advances an additional argument why the one-year delay of the old Code of Practice allegedly determines the validity of the present appeal rather than the shorter ninety-day delay of the new Code of Civil Procedure. By rather subtle mathematical computations based upon certain assumptions, counsel suggests that actually the present cause was submitted to the trial court for determination on April 16, 1960, so that the trial court was manda-torily required to decide the case within thirty days thereafter as required by LSA-R.S. 13:4207. Counsel suggests that, therefore, the case should be considered as decided by May 16, 1960 (that is, so as to be governed by the one-year delay of the old Code of Practice), when it should have been decided, rather than on January 12, 1962, when it actually was. Counsel points out that Section 4(b) of Act 15 of 1960, enacting the new Code of Civil Procedure and repealing the old Code of Practice, specifically provided that, as to pending actions, the provisions of new Code could not affect the validity or change the legal effect “of any failure to act” prior to the effective date of the new Code.
 Without accepting counsel’s mathematical computations used to show such a long delay between the submission and the trial court judgment, the short answer to counsel’s contention is that the failure of a court to decide a case within the mandatory statutory delay does not affect the validity of the decision when made, although prior to the decision such failure to act within the statutory delay might entitle a litigant to supervisory relief. Gaspard v. Lemaire, La.App., 3 Cir., 136 So.2d 97. The date of the judgment and the date of the denial of the rehearing in the instant case are determined by the dates these judicial acts actually took place, not by some hypothetical assumption as to when they might otherwise have been done.
The defendant-appellant further reiterates his contention that the delay for appealing did not begin to run until February 6th, when the trial court rendered written reasons for having previously denied a new trial. We held in our original opinion that the delay began to run on the earlier date of January 29th, when the motion for a new trial was overruled in open court and a minute entry made to such effect. Counsel points out that the court had reserved its right to file written reasons when orally overruling the motion for a new trial on the earlier date, and he contends that “when the Court suspends or extends the time in which to file such reasons * * * [the] right to appeal does not begin until the completion of the Judge’s act in the matter by filing his written reasons.”
Despite this contention, as we stated in our original opinion, the effective date of the judgment denying a motion for a new trial is the date that the motion is denied in open court, not when (and if) a written judgment to such effect is subsequently entered. Simon v. Lumbers Mutual Cas. Co., La.App., 3 Cir., 138 So.2d 465. The written reasons for a judgment are to be distinguished from the judgment itself. LSA-C.C.P. Arts. 1917, 1918. Although the reasons are usually handed down before the rendition of the judgment,. *761 the trial court’s failure to do so, or its handing the reasons down subsequent to the judgment or even subsequent to the perfection of the appeal, does not affect the validity of the judgment itself. Romero v. Hogue, La.App., 1 Cir., 77 So.2d 74; Abood v. Louisiana Oil Refining Co., La.App., 2 Cir., 155 So. 484. Cf. also: Brannon v. Zurich Gen. Acc. & Liab. Ins. Co., La.App., 4 Cir., 56 So.2d 287; Martin v. Authement, La.App., 1 Cir., 28 So.2d 469. The delay for taking the present appeal commenced to run on the date of the judgment in open court denying the new trial, not on the date the written reasons for such judgment were filed.
For the foregoing reasons, the application for rehearing is denied.
Rehearing denied.