198 So.2d 695 (1967)
The FIDELITY AND CASUALTY COMPANY OF NEW YORK
v.
Bryan CLEMMONS, Sheriff, Josh Miles and Josie Evans Miles.
No. 7013.
Court of Appeal of Louisiana, First Circuit.
April 17, 1967.
Rehearing Denied May 29, 1967.
*696 Boris F. Navratil, of Breazeale, Sachse & Wilson, Baton Rouge, for appellant.
F. Louis Gonzales, McCollister, Belcher, McCleary & Fazio, Baton Rouge, for appellees.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
Contending this court erred in its decision rendered in Miles v. Fidelity and Casualty Company of New York, 185 So.2d 613, plaintiff herein, The Fidelity and Casualty Company of New York (Fidelity), defendant in the former action, prosecutes this appeal from the judgment of the trial court rejecting its collateral attempt to nullify our former decree which cast appellant in judgment.
We find that the trial court properly dismissed appellant's action of nullity and affirm its judgment so ruling.
The decision herein assailed was rendered April 4, 1966, amending the judgment of the trial court. Rehearing was denied May 9, 1966. Appellant's application to the Supreme Court for writs was refused June 22, 1966. Subsequently, this present action was instituted to annul the decree on the grounds the judgment was erroneous both factually and legally.
In the former case, the issue was whether a realtor's bond in the sum of $10,000.00 (furnished pursuant to the provisions of LSA-R.S. 37:1447) was available in said sum to each claimant thereunder or whether the face amount of the bond was the aggregate of the surety's liability to all parties entitled to recover thereon. We concluded the trial court erred in holding each claimant entitled to recover from the surety the full amount of the bond, and revised its judgment by decreeing the totality of the surety's liability to be the amount of the bond only. With this portion of our former decree, appellant is in complete accord. We proceeded to find, however, that since appellant had notice of the Miles' judgment against the principal, Roshto, but nevertheless elected to pay other claimants thus leaving virtually nothing to discharge the Miles' claim, Fidelity became liable to the Miles because it failed to provoke a concursus proceeding pursuant to which it could have protected itself from claims exceeding its liability of $10,000.00 to all claimants.
It is with this latter portion of our judgment that appellant vehemently disagrees. Basically, appellant contends we committed error of fact in that our prior decree inadvertently *697 concluded the Miles were the only claimants having judgment against the principal, Roshto, and that it was on this basis we found the Miles were entitled to payment. In this regard, counsel is mistaken.
In our former decision we stated:
"Clearly, in this instance, the defendant had available to it a most simple remedy, that of the institution of a concursus proceeding (R.S. 13:4811 et seq.) in which all of the claimants under the terms of the bond could have been impleaded, and the full amount of the bond deposited at the time of the filing of the suit. This would have permitted a just and proper distribution of the proceeds of the bond to all of the claimants thereunder by a District Court and would not have resulted in the inequitable situation which now exists in the form of the plaintiffs, alone among the claimants against the bond who have obtained judgment, having not been paid. The defendants, having elected to pay other claimants directly, after having received notice of the judgment rendered in favor of the plaintiffs, did so at their peril, and we now hold that the plaintiffs herein are entitled to obtain judgment against the defendant for their porportionate share of the $10,000.00 bond, that is, in the full sum of $2,838.53, plus legal interest on said amount from June 16, 1961, the date of judicial demand in the plaintiffs' suit against Roshto, and for all cost of that proceeding, amounting to $57.25. as well as for all costs of the instant suit and this appeal."
By the foregoing language, we did not hold the Miles were the only claimants who had reduced their claims to judgment against the principal but rather that, of all the judgment creditors, the Miles were the only ones not paid.
The most serious argument advanced by appellant herein is that in finding the surety could have protected itself against claims in excess of its statutory liability by invoking concursus proceedings impleading all claimants, we rendered judgment contrary to existing law as set forth in LSA-C.C.P. Article 4652, and the jurisprudence interpretative thereof, which holds concursus proceedings may not be invoked against a judgment creditor. On this basis appellant argues our former decision is not res judicata because it was based on a premise not argued in the trial court, therefore, issue was never joined between the parties on this point. Appellant further contends that since our former judgment is based on an erroneous legal principle, it is subject to an action of nullity because of a substantive deficiency within the intendment of LSA-C.C.P. Articles 2001-2006, inclusive.
It is significant to note that in its application for rehearing made before this court in the former case and also in its application to the Supreme Court for writs of review, the same arguments herein made were also advanced by appellant.
The exclusive grounds available for annulment of a final judgment, whether for error of form or substance, are clearly and succinctly set forth in LSA-C.C.P. Articles 2001-2006, inclusive.
LSA-C.C.P. Article 2001 provides that the nullity of a judgment may be demanded for vices of either form or substance as set forth in Articles 2002 through 2006.
Article 2002, LSA-C.C.P. enumerates three specific instances wherein judgments may be annulled for vices of form, neither of which are germane to the instant case.
The provisions of Article 2003 LSA-C.C. P. are likewise inapplicable herein considering they deal primarily with loss of the right of action to annul a judgment by acquiescence therein.
Nullity predicated on vices of substances are covered in LSA-C.C.P. Article 2004 which states quite simply that judgments may be annulled for either fraud or ill practice.
*698 Pursuant to LSA-C.C.P. Article 2005, a judgment affirmed, reversed, amended or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court. (Emphasis supplied.)
Relying upon the authority of Florat v. Handy, 35 La.Ann. 816, and other authorities hereinafter discussed, appellant urged the nullity of the judgment involved and alternatively maintained it was entitled to an injunction prohibiting its execution. The trial court initially granted a temporary restraining order which was dissolved upon trial of appellant's motion for preliminary injunction. The lower court also awarded appellees attorney's fees in the sum of $500.00 for dissolving the temporary restraining order.
We find no merit in appellant's contention our previous judgment is not res judicata as to the question herein presented because issue was not joined as to said point at trial level.
According to the great weight of authority, a judgment null and void may not constitute the basis for a plea of res judicata, but a decree does not lose its effectiveness as the basis of such a plea merely because it is irregular or erroneous. Application of the doctrine of res judicata does not depend upon the correctness vel non of the judgment but whether it adjudicated between the parties the precise issue again sought to be determined. Though erroneous, if the former judgment settled the question which is presented anew, it is res judicata notwithstanding the subject is reurged on yet another legal premise. Am. Jur. Vol. 30A, verbo Judgments, Sec. 354, page 395.
Our law expressly provides in LSA-C.C.P. Article 2164 that appellate courts shall render any judgment which is just, legal and proper upon the record on appeal. As stated in the redactor's comments appearing under the cited article, its purpose is to give the appellate courts freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued or passed on by the trial court. Once the question between the parties has been settled by final judgment, the issue is res judicata and may not again be investigated in a subsequent action between the same parties. Any other conclusion would lead to the reopening of every case upon the mere formulation by counsel of some legal principle different from those previously presented. The result of such a situation is readily apparent.
Appellant also contends the provisions of LSA-C.C.P. Article 2005 are applicable herein because our error in concluding the Miles were the only judgment creditors of the principal is a ground for nullity not apparent from the record and not considered by the appellate court. We answer the argument by pointing out that we did not make the factual determination that the Miles were the only judgment creditors of the principal, but rather, as hereinabove shown, that the Miles were the only judgment creditors not paid.
Assuming arguendo, appellant correctly states we erred in basing our former decree on the erroneous legal premise appellant could have invoked a concursus proceeding under the circumstances shown, nevertheless, such remission on our part does not constitute ground for annulling the prior decree. LSA-C.C.P. Article 2004, which sets forth the only grounds for nullity based on defects of substance does not include a judgment allegedly rendered contrary to the law and the evidence. In numerous cases the appellate courts of our state have held that a judgment so rendered is nevertheless immune to an action of nullity. Landry v. Bertrand, 48 La.Ann. 48, 19 So. 126; Conery v. His Creditors, 118 La. 864, 43 So. 530; WWOM, Inc. v. Grapes, La.App., 158 So.2d 861, writ denied, 245 La. 645, 160 So.2d 230.
It is elementary that the procedural steps outlined in our Code of Civil Procedure *699 with respect to review of final judgments of a court of record are dictated by the necessity for finality of judicial decrees from which arises the assurance of stability and permanence to disputes once adjudged. When a matter has been litigated to final judgment between the parties, the resultant decree would be of no value to the successful litigant if his opponent were free to collaterally attack the outcome on a newly conceived legal tenet.
The issue was thusly stated by the Supreme Court in California Company v. Price, 234 La. 338, 350, 99 So.2d 743:
"It is the settled jurisprudence of this court that matters once determined by a court of competent jurisdiction, if the judgment has become final, can never again be called into question by the parties or their privies, though the judgment may have been erroneous and liable to certain reversal on appeal."
Admittedly the judgments of courts are not infallible. Once they become final, however, they are irreversible by inferior courts on mere grounds of error, equally so by the court which rendered them. Heirs of Hogatt v. Crandall, 39 La.Ann. 976, 3 So. 89; Wunderlich v. Palmisano, La.App., 177 So. 843.
Even though an appellate court commits an error of law or judicially legislates in rendering an opinion, such circumstance is not ground to have the judgments annulled. Gumbel v. New Orleans Terminal Co., 190 La. 904, 183 So. 212.
Florat v. Handy, 35 La.Ann. 816, stands alone in the jurisprudence in holding that a judgment rendered against a surety in excess of his liability may be annulled on equitable considerations. Since the Florat decision was rendered many years ago, innumerable cases have held judgments of courts may not be set aside for error on the part of the court in applying the law to the case. See especially Gumbel v. New Orleans Terminal Co., supra.
Granting for arguments sake, we erred in applying the law of concursus in the former proceedings as urged by counsel for appellant, such error does not fall within the ambit of LSA-C.C.P. Article 2005. It is a statement of law patent upon the face of the record. In no uncertain terms we held that appellant could have protected itself against the Miles claim by invoking a concursus proceeding. In applying for rehearing in the previous matter, appellant vigorously asserted the alleged error of our aforesaid legal conclusion and re-urged the same claim upon his application to the Supreme Court for writs. It cannot be said, therefore, the issue was one not considered by the appellate court on appeal as required by Article 2005, supra. Consequently, when we denied rehearing in the former action and the Supreme Court refused writs, appellant exhausted the appellate procedure available and the judgment thereupon became binding and final irrespective of any error therein.
Assuming we erred as appellant contends, we can at this juncture only express our regret at having unwittingly perpetrated an injustice which we must perpetuate. If appellant were in fact aggrieved by our inadvertence or incompetency, we can offer only the consolation that appellant must bear the loss for the sake of that stability which is indispensable to a well ordered society in which personal and property rights, once established by process of law, are guaranteed permanency and continuity.
Appellant's alternative prayer for an injunction prohibiting execution of appellees' judgment, predicated on Marcy v. Praeger, 34 La.Ann. 54, and Florat v. Handy, supra, is but an attempt to obtain by one procedure relief which has been denied in another. The fallacy of this particular argument of appellant lies in the fact that under circumstances similar to those involved in the case at bar, injunction does not lie unless the party seeking the injunction is entitled to bring an action of nullity. In the instant case, appellant has no right to *700 an action of nullity since he alleges neither fraud nor ill practice. See Marcy v. Praeger, supra.
Appellees have answered this appeal urging our imposition of penalties for frivolous appeal. We are impressed with the apparent sincerity of counsel for appellant and the zeal and ingenuity with which he has urged his client's interests herein. We believe counsel has raised on this appeal serious legal questions which relieve it from the stigma of frivolity.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
Affirmed.