ELLIS, Judge:
This is a suit by Joseph L. Thibodeaux for damages for personal injuries. Among the defendants is Crown Zellerbach Corporation. The allegations of the petition relative to liability are as follows:
“2.
“That on June 2, 1977, your petitioner was employed as a laborer by WAPCO, INC., doing general labor on a thirty-two (32") inch drainage line being installed by CROWN-ZELLERBACH CORPORATION, at their St. Francisville paper mill location in St. Francisville, West Felicia-na Parish, Louisiana.
“3.
“That at the time and place above referred to, your petitioner was directed by his immediate supervisor to descend down a trench approximately twelve (12') feet deep to assist in the placement of said thirty-two (32") inch line. After having descended to the base of subject trench, your petitioner was subjected to a violent crushing injury when the trench wall collapsed onto your petitioner causing severe personal injury and near death by suffocation.
“4.
“That the trench wall collapse was proximately caused by the negligent acts of omission and/or commission of all or sev *971 eral of the defendants in the following non-exclusive particulars, to-wit:
1. Negligently excavating said trench so as to create a dangerous situation.
2. Failing to warn plaintiff of the defective and dangerous condition of said excavation.
3. Failing to take every, or in fact any, reasonable precaution to avoid accidents from collapse of the wall and/or walls and thereby rendering defendants’ excavation unsafe and dangerous to plaintiff and other persons employed therein.
4. Failing to take the proper safety precautions of shoring up said excavation or utilizing a ‘coffin box’ therein and/or a ‘trench wall protector’.
5. Failure to take into consideration the nature of the ground being excavated, where it is of a type particularly susceptible to failure of support, and to do the work of excavation in a manner compatible with such susceptibility, as removal in sections, or shoring up as the work progresses.
6. Excavating in such a manner as to leave the uncovered earth exposed for an unreasonable length of time to the action of the elements.
7. Doing the work that deprives the adjacent property of lateral support in a manner that is inconsistent with sound engineering or construction practices.
8. Failure to take soil samples or otherwise ascertain in advance whether the proposed work would be likely to result in damage to the adjacent property and structures.
9. Failing to prevent excessive vibrations from operations such as pile driving, blasting, jackhammering or operating heavy equipment, or, if prevention was impossible, protecting against damage by bracing and shoring.
10. Utilizing improper equipment and/or excavation procedures so as to create unnecessary vibration which in turn caused the wall and/or walls to collapse or cave in.
11. Failing to adequately provide a lookout for men working trench.
12. Failing to take soil samples to predetermine stress conditions of said soil.
13. Failing to provide ‘shoring’ on trench walls.
14. Failing to halt work progress after heavy rain and/or water build-up in trench and adjoining soil walls.
15. Performing excavation work at times and under conditions which created a danger of wall and/or walls collapsing and/or cave-in.
16. Failing to provide plaintiff with a safe place in which to work and/or safe working conditions.”
To the petition, Crown filed an exception of no cause of action, alleging that “. . . nowhere in the petition is it stated what relationship, if any, existed between Crown Zellerbach Corporation and plaintiff nor is it alleged that any of the individuals listed as defendants or anyone for whom Crown Zellerbach Corporation could be held legally liable, was guilty of any negligence which allegedly caused the accident sued on.”
The trial judge sustained the exception and dismissed the suit as to Crown. From the judgment of dismissal, plaintiff has appealed.
Plaintiff alleges that the 16 allegations of negligent conduct contained in the petition assert “the existence of a ‘defective’ and ‘dangerous’ condition — elements which, along with other factors, could make a landowner or a ‘possessor’ strictly liable for injuries occurring on the premises, approximately (sic) caused by the defective condition.”
It would require too great an exercise of the imagination of the court to overrule the exception on its merits. Louisiana still has a fact pleading system, and plaintiff has failed to allege facts, which, if true, would render Crown liable.
Under the provisions of Article 934 of the Code of Civil Procedure, plaintiff must be allowed an opportunity to amend his petition so as to allege facts sufficient to consti *972 tute a cause of action as to Crown. The judgment appealed from failed to allow plaintiff this opportunity.
The judgment appealed from is therefore affirmed insofar as it maintains the exception of no cause of action, but reversed insofar as it dismisses plaintiff’s suit as to Crown Zellerbach Corporation. The case is hereby remanded to the trial court, and plaintiff is allowed 15 days from the date this judgment becomes final to amend his petition. Costs of this appeal shall be equally borne by plaintiff and Crown Zel-lerbach. All other costs shall await final disposition of the case on its merits.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.