ELLIS, Judge.
This is a tort suit brought by Joseph L. Thibodeaux against, inter alia, Crown Zel-lerbach Corporation. According to the allegations of the petition, plaintiff was employed by WAPCO, Inc., as a laborer for the installation of a 32-inch drain line on property belonging to Crown. Plaintiff was in a 12-foot deep trench when the wall thereof collapsed, causing the injuries for which he seeks recompense.
Crown filed an exception of no cause of action to the petition, which was sustained by the trial court. Plaintiff appealed the judgment dismissing the suit as to Crown to this court. We affirmed the judgment insofar as it sustained the exception, but remanded the case to allow plaintiff the opportunity to amend the petition so as to state a cause of action. Thibodeaux v. Jones & Lockhart, Inc., 376 So.2d 970 (La. App. 1st Cir. 1979).
Plaintiff amended his petition and Crown once again filed an exception of no cause of action. Once again, the exception was maintained and once again plaintiff has appealed.
The facts alleged are:
1. Crown is the owner of a parcel of land on which an excavation for a drainage line is being made.
2. The drainage line is being installed by Crown.
3. Plaintiff was employed by WAPCO, Inc., doing general labor on the drainage line.
4. While plaintiff was working in the excavation, its walls collapsed, injuring him.
In his amended petition, plaintiff has now specifically alleged the negligence of Crown in a number of particulars, including the failure to design the drainage project properly, and the failure to furnish proper plans and specifications. We are not enlightened as to the nature of the contractual relationship between Crown and WAPCO. However, if Crown did design the project and furnish plans and specifications; and if this was done negligently; and if WAPCO is an independent contractor; and if the construction of the drainage line is not in the nature of work usually done by Crown’s employees; and if plaintiff was injured as a result of Crown’s negligence, then plaintiff would have a cause of action against Crown.
In Haskins v. Clary, 346 So.2d 193 (La.1977), the court said:
“The general rule applicable to trial of such exceptions is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless plaintiff has no *293 cause of action under any evidence admissible under the pleadings. West v. Ray, 210 La. 25, 26 So.2d 221 (1946); Babineaux v. Southeastern Drilling Corp., 170 So.2d 518 (La.App. 3d Cir. 1965). Because a petition is subject to more than one interpretation or is vague, does not mean that it is fatally deficient. A vague, uncertain, or indefinite petition is subject to an exception of vagueness, but not to an exception of no cause of action. Brunson v. Mutual Life Ins. Co. of N.Y., 189 La. 743, 180 So. 506 (1938); Goldsmith v. Virgin, 122 La. 831, 48 So. 279 (1909).”
Evidence as to all of the facts which are necessary to plaintiff’s recovery is admissible under the pleadings, except as to Crown’s status as a statutory employer, which is, of course, a matter of defense. We therefore find that plaintiff’s petition, although almost fatally vague, does set forth a cause of action against Crown.
The trial judge inferred from the pleadings, as amended, and from plaintiff’s brief, circumstances which made Crown a statutory employer as a matter of law. While these inferences are reasonable, and convincing, they are not the only reasonable inferences which can be made, and all doubt must be resolved in favor of the validity of the petition.
The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for further proceedings according to law. All costs of this appeal shall be paid by Crown, with all other costs to await final disposition of the case on its merits.
REVERSED AND REMANDED.