767 So.2d 949 (2000)
LIVINGSTON PARISH SEWER DISTRICT NO. 2, et al.
v.
MILLERS MUTUAL FIRE INSURANCE COMPANY OF TEXAS, et al.
No. 99 CA 1728.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*950 Wendell G. Lindsay, Jr., Jeremy F. Werfal, Baton Rouge, Counsel for Plaintiff/Appellee Livingston Parish Sewer District No.2.
Michael J. Remondet, Jr., Jason B. Boudreaux, Lafayette, Counsel for Defendant/Appellee *951 Millers Mutual Fire Insurance Company of Texas, et al.
Before: CARTER, C.J., WEIMER, and FONTENOT,[1] JJ.
WEIMER, J.
This matter is on appeal following a trial court ruling that granted an exception of no cause of action filed by Livingston Parish Sewer District No. 2 (Livingston) and denied a motion to compel a settlement agreement filed by Millers Mutual Fire Insurance Company of Texas (Millers). For reasons that follow, we affirm.

FACTS AND PROCEDURAL BACKGROUND
Millers issued a performance bond to Eltek, Inc. in favor of Livingston covering work on a drainage project. Livingston filed suit for damages arising out of allegedly faulty construction of the project. Millers was named as one defendant. In September 1994, the parties to the suit executed a written settlement agreement. However, pursuant to the settlement agreement, if the parties could not agree on the nature and extent of liability of the co-defendants, that issue was to be adjudicated by the trial court.
Because the parties did not agree on the nature and extent of liability of the co-defendants, a trial was held. The district court entered judgment on July 14, 1998, against Millers in favor of Livingston in the amount of $1,414,776.00. The judgment cast Millers for costs in the same proportion as its percentage of liability. In addition, the judgment ordered Millers to pay legal interest on the judgment. Millers filed a motion for a new trial essentially claiming it could not be held liable for an amount in excess of the face value of the bond. The trial court denied that motion on August 13, 1998, without hearing. None of the parties appealed the July 14, 1998 judgment, which is now final.
Subsequently on November 9, 1998, Millers filed a petition to annul the judgment that had been rendered on July 14, 1998, alleging the judgment was contrary to the public interest, illegal, and beyond the limited authority granted the courts. Alternatively, Millers alleged the judgment was absolutely null because any cause of action Livingston had against Millers prescribed five years from substantial completion of the public works project.[2]
Livingston responded by filing a peremptory exception of no cause of action. After hearing, the trial court granted the exception and dismissed Millers' petition to annul the judgment with prejudice. The trial court also denied Millers' motion to compel a settlement agreement. That judgment, rendered March 15, 1999, and signed on April 5, 1999, is the judgment now appealed to this court.
On appeal, Millers alleges the trial court erred by granting Livingston's peremptory exception of no cause of action and dismissing Millers' petition to annul judgment. Millers further alleges the trial court erred by refusing to grant its motion to enforce the settlement agreement, which indicates that Millers is liable for payment of a finite amount of damages. Additionally, Millers alleges the trial court erred in interpretation of Louisiana law regarding the award of legal interest and in failure to comply with the mandate contained in LSA-R.S. 38:2217. Finally, Millers alleges the trial court erred by refusing to grant a stay of the proceedings and by refusing to enjoin execution on the judgment pending Millers' application for supervisory writs.
In brief, Livingston contends that after Millers realized it allowed the appeal delays to run without filing an appeal, Millers *952 filed the petition to annul the judgment and for declaration of rights.

DISCUSSION
A final judgment obtained by fraud or ill practices may be annulled by filing an action to annul within one year of the discovery of fraud or ill practices. LSA-C.C.P. art. 2004.[3] Allegations of impropriety are essential to a cause of action under LSA-C.C.P. art. 2004. Butler v. Reeder, 93-493, p. 5 (La.App. 5 Cir. 2/9/94), 632 So.2d 401, 404; Wilson v. Central Gulf Lines, Inc., 583 So.2d 1164, 1166 (La.App. 4 Cir.), writ denied, 590 So.2d 79 (1991).
An action to annul must be instituted by a direct action, as opposed to collaterally, by means of a petition with the adverse party cited to appear as in ordinary suits. Although the jurisprudence has indicated that an action to annul must be a separate suit, this court has held that it was permissible to file a pleading in the same proceeding as that in which the offending judgment was rendered. Roach v. Pearl, 95-1573, p. 4 (La.App. 1 Cir. 5/10/96), 673 So.2d 691, 693.
Examination of the petition reveals the "Petition to Annul Judgment and Petition for Declaration of Rights" filed by Millers was filed under the same docket number as the suit containing the July 14, 1998 judgment that Millers seeks to have annulled. The petition seeks to have the prior judgment annulled because enforcement would be "inequitable or unconscionable" and thus constitutes "fraud or ill practices." The petition does not name a defendant nor contain a request that a defendant be cited and served with a copy of the petition, but merely requests that counsel for Livingston be served.
Without objection to improper service and citation, Livingston filed an exception of no cause of action. No cause of action is a peremptory exception. LSA-C.C.P. art. 927. The function of the exception is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection, and all well-pleaded allegations of fact are accepted by the court as true. LSA-C.C.P. art. 931. The only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Perere v. Louisiana Television Broadcasting Corporation, 97-2873, p. 3 (La.App. 1 Cir. 11/6/98), 721 So.2d 1075, 1077.
When a petition states a cause of action as to any ground or portion of a demand, the exception should be overruled. Harris v. Brustowicz, 95-0027, 95-0028, p. 4 (La.App. 1 Cir. 10/6/95), 671 So.2d 440, 442. When a petition is read to determine whether a cause of action has been stated, it must be interpreted, if possible, to maintain the cause of action instead of dismissing the petition. Id. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. Belle Pass Terminal, Inc. v. Jolin, Inc., 92-1544, 92-1545, p. 45 (La.App. 1 Cir. 3/11/94), 634 So.2d 466, 493, writ denied, 94-0906 (6/17/94), 638 So.2d 1094.
The trial court considered the exception of no cause of action filed on behalf of Livingston and made the determination that the petition did not allege any instances of fraud or ill practice sufficient to maintain the petition, and only alleged that enforcement of the judgment would be inequitable. *953 The trial court indicated this matter had proceeded to a judgment that was final. The court indicated that the judgment had been delayed for a long time, and the parties involved had ample time to object if the provisions were incorrect. Additionally, any dissatisfied party could have appealed the decision. The trial court was of the opinion that the judgment was final, and, therefore, it had no authority to alter the terms of the judgment. We agree.
The action to annul provided by Article 2004 is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary. Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La.1980). Errors of law cannot serve as grounds for an action of nullity. Fidelity and Casualty Company of New York v. Clemmons, 198 So.2d 695, 698 (La.App. 1 Cir.), writ denied, 251 La. 27, 202 So.2d 649 (1967).
Judgments are not infallible. However, even if an error is made, once a judgment becomes final, it is not reversible on grounds of mere error.[4]Fidelity and Casualty Company of New York v. Clemmons, 198 So.2d at 699.
Two criteria have been set forth jurisprudentially to determine whether a judgment was obtained by actionable fraud or ill practices. They are: (1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief; and (2) enforcement of the judgment would have been unconscionable and inequitable. Johnson v. Jones-Journet, 320 So.2d 533, 537 (La.1975).[5]
In analyzing the criteria, what was said in Johnson is equally applicable here:
First there is no allegation that defendant was deprived of any legal right; he had ample opportunity to appear and assert any defense he desired, either in the trial court or by appeal. Defendant argues that the rendition of a judgment against him stipulating greater liability than he should be held at law constitutes a deprivation of his legal rights. However, it is well settled that an action of nullity may not, by raising errors of law, serve as a substitute for an appeal. (Footnote omitted.)
Johnson, supra.
Second, considering that Millers complained about the judgment in the motion for a new trial, but then did not appeal what it alleges to be an erroneous judgment, "it hardly seems unconscionable or inequitable to disallow [a] belated complaint that the judgment is contrary to law." Johnson, supra.
Under the provisions of Article 934 of the Code of Civil Procedure, a plaintiff must be allowed an opportunity to amend his petition so as to allege facts sufficient to constitute a cause of action if the grounds of the objection pleaded by the exception may be removed by amendment to the petition. See Thibodeaux v. Jones and Lockhart, Inc., 376 So.2d 970, 971-972 (La.App. 1 Cir.1979).
In this instance, the trial court did not afford Millers an opportunity to amend the suit to state a cause of action. Because there are no allegations, in pleading or brief, of any facts which would equate to the fraud or ill practices contemplated by Article 2004, we believe it is inappropriate *954 to remand this case pursuant to the provisions of LSA-C.C.P. art. 934.[6] Millers simply alleges the judgment is in error, inequitable and, therefore, unconscionable. That is not enough.
As an additional assignment of error, Millers alleged the trial court was in error in denying its motion to enforce settlement. Millers argued that the provisions of LSA-R.S. 38:2217 grant to the parties a mandatory right of judicial review of contracts entered into under the Louisiana Public Works Act. By refusing to address the obligations of the parties to the settlement agreement, Millers argued the court deprived it of its unqualified right under LSA-R.S. 38:2217. The trial court considered the provisions of LSA-R.S. 38:2217 to relate to matters prior to suit and judgment. The court indicated there was no need to address the motion to enforce settlement because there was a final judgment in the matter, which was the law of the case. Because of this ruling, the trial court did not consider the exception of unauthorized use of summary proceedings filed by Livingston in response to the motion to enforce settlement.
In this matter, there was a settlement agreement which provided that certain issues related to the nature and extent of liability of co-defendants could be submitted to the court for resolution. Once the unresolved issues within the settlement were submitted to the court for resolution, the judgment, and not the settlement, governed as to those issues. To grant the motion to enforce the settlement agreement, as requested by Millers, would effectively nullify the final judgment. Thus, the motion to enforce settlement was properly denied by the trial court.
Millers also assigns as error the award of legal interest in the judgment. However, because we agree with the trial court that the judgment signed on July 14, 1998, is final, the parties are bound by the terms of the judgment which included an award of legal interest.[7]
Lastly, Millers assigned as error the refusal of the trial court to grant a stay or to enjoin execution of the judgment to allow time for application for supervisory writs. Review of the judgment being appealed reveals that an order denying either a stay or an injunction was not included in the judgment. Therefore, those issues are not before this court.

CONCLUSION
For the foregoing reasons, we affirm. All costs of the appeal are assessed to Millers.
AFFIRMED.
NOTES
[1] Judge H. Ward Fontenot, 38th Judicial District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Prescription and peremption were not raised as issues during the prior proceeding which ended with judgment on July 14, 1998. Neither issue was raised on appeal.
[3] "The action for nullification is an extraordinary remedy and the courts very early determined that this remedy must be granted with `great circumspection.' This caution results from the conflict between the goal of rendering justice and the precept that there must be an end to litigation. Since there is a presumption in favor of the validity of a judgment, the plaintiff in a suit to nullify a judgment must make a strong showing to prevail." (Footnotes omitted.) Robert G. Nida, Comment, The Action of Nullity Under Louisiana Code of Civil Procedure Article 2004, 38 LA. L. REV. 806, 807 (1977-1978).
[4] Livingston strenuously argues the judgment was not in error. We do not imply the judgment was in error. Given our ruling, we simply need not make that determination.
[5] "The decisions have repeatedly recognized that `deprivation of legal rights' involves the denial of the opportunity to appear or to assert a defense." (Footnote omitted.) 38 LA. L. REV. at 813. "The question of unconscionability involves assessing the harm done the petitioner and weighing his neglect against this harm." 38 LA. L. REV. at 815.
[6] We note that Millers did not ask for an opportunity to amend either at the trial court or on appeal.
[7] In brief, Millers argues that the case of Calandro Development, Inc. v. R.M. Butler Contractors, Inc., 249 So.2d 254 (La.App. 1 Cir.1971), clearly holds that a bondholder cannot be liable for interest. Review of the case reveals the appellate court reversed a lower court ruling granting interest as an item of damages. The appellate court looked to the wording of the bond which indicated the surety was to reimburse the owner all expense and outlay incurred in making good the contractor's default. The court held that interest, attorney's fees, depreciation of subdivision lots, and damage to the owner's professional reputation were unrelated to actual finishing costs and were not contemplated under the provisions of the bond. Recovery for those items was denied. However, the appellate court went on to award plaintiff an additional sum, together with legal interest from date of judicial demand, until paid, for preparation of additional plans and specifications for the correction and completion of the defective and unfinished work left by the contractor. The interest which was disallowed as an item of damages was interest paid on the construction loan from the time of scheduled completion until final completion of the project, not judicial interest.