EDWARDS, Judge.
Plaintiffs, Warren J. and Ruth S. Bourgeois, purchased certain property and improvements in LaFourche Parish from defendants, Michael B. O’Neil and Peggy Ann O’Neil Eskew. When plaintiffs discovered defects in their roof, they sued for damages. Only Michael O’Neil was served. On January 29, 1980, plaintiffs took a preliminary default which was confirmed on February 7. Judgment against O’Neil was for $750, interest and costs.
On February 15, 1980, counsel for O’Neil filed a motion for a new trial claiming that on the day the preliminary default was confirmed, he, counsel for O’Neil, had checked the record out of the clerk’s office. The trial court was, therefore, unable to review evidence as to service, citation, entry of the preliminary default or the failure of defendant to answer or file responsive pleadings. It was further alleged that plaintiffs’ counsel had informally agreed to an extension of time for the filing of responsive pleadings and that he had not provided adequate notice of his intention to proceed with the default judgment.
Subsequent to a hearing, the motion for a new trial was denied. Defendant appeals, reurging the grounds for a new trial and also alleging that plaintiffs failed to state a cause of action.
A cursory reading of the petition shows that plaintiffs stated a cause of action in quanti minoris. LSA-C.C. Art. 2541. While the original petition was entitled “Petition for Damages,” every pleading shall be so construed as to do substantial justice, LSA-C.C.P. Art. 865, and pleadings are to be governed by their substance, not by the name a party uses. Cvitanovich v. Sorli, 347 So.2d 1204 (La.App. 1st Cir. 1977); Succession of Ridley, 247 La. 921, 175 So.2d 269 (1965).
Confirmation of default judgments is controlled by LSA-C.C.P. Art. 1702 which provides in part:
“A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case.”
At the hearing on motion for a new trial, plaintiffs called Vernon Rodrigue, Deputy Clerk of Court. He testified that on the morning of the confirmation, plaintiffs’ counsel requested a copy of the charge card in the instant case. He further testified that the charge card is a record maintained by the clerk’s office which shows what items have been entered in the record and charged for by the clerk of court. No charges are made until entries in the record are actually filed.
Regarding the present case, Mr. Rodrigue reviewed the charge card and found no responsive pleadings filed by the defendant. The trial court was clearly correct in finding that plaintiffs had established a prima facie case. Furthermore, the only reason Mr. Rodrigue was called to testify was because counsel for defendant had taken the record. Without criticizing defense counsel, we must state that confirmation of a default judgment cannot be precluded by this means.
*392 Appellant’s counsel urges that plaintiffs’ counsel informally agreed to an extension of time in which defendant might file responsive pleadings. There is, however, no conclusive proof that plaintiffs’ counsel agreed to any such extension.
For the foregoing reasons, the judgment appealed from is affirmed. All costs, both trial and appellate, are to be paid by Michael B. O’Neil.
AFFIRMED.