508 So.2d 644 (1987)
Albert Frank FAGONE, Plaintiff-Appellant,
v.
Charline Dodd FAGONE, Defendant-Appellee.
No. 18765-CA.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1987.
*645 Sholars, Gunby, Allbritton, Hayden & Lawrence by Clifford L. Lawrence, Jr., Monroe, for plaintiff-appellant.
McIntosh, Fox & Lancaster by John M. Lancaster, Oak Grove, for defendant-appellee.
Before JASPER E. JONES, FRED W. JONES, Jr., and LINDSAY, JJ.
JASPER E. JONES, Judge.
The plaintiff, Albert Frank Fagone, instituted this action against defendant, Charline Dodd Fagone, his former wife, seeking to partition immovable community property located in West Carroll Parish. The trial judge sustained defendant's exceptions of no right of action, no cause of action, res judicata and no justiciable interest. Plaintiff appealed.

The Facts
Plaintiff and defendant obtained a divorce on July 2, 1984 in the Common Pleas Court of Montgomery County, Ohio. The Ohio court partitioned all property of the marriage.
Plaintiff subsequently filed a pleading styled "Petition to Partition Community Property" in West Carroll Parish alleging the Ohio courts failed to apply Louisiana law to the partition of a Louisiana farm. Defendant filed exceptions of no right of action, no cause of action, res judicata and no justiciable interest.[1]
The trial court held the final foreign judgment of divorce which incorporates a division of community property is res judicata in all aspects and entitled to full faith and credit, unless the court rendering the judgment lacked jurisdiction or unless the judgment was subject to collateral attack in the rendering state. The trial court found the Ohio judgment of divorce and partition of property was entitled to full faith and credit in Louisiana because the Ohio court had jurisdiction and the judgment was not subject to collateral attack because plaintiff admitted its finality. The trial court, therefore, sustained defendant's exceptions of no right of action, no cause of action, res judicata and no justiciable interest and further concluded the doctrine of judicial estoppel was applicable.
The sole issue on appeal is whether the trial court erred in sustaining defendant's exceptions of res judicata and no cause of action and finding the Ohio decree was entitled to full faith and credit in Louisiana.
Plaintiff contends the trial court erred in sustaining defendant's exceptions of res judicata because in a suit to annul a prior judgment, the judgment itself cannot be urged as res judicata. Plaintiff argues the present action is a suit to annul the Ohio judgment which failed to partition the Louisiana farm pursuant to Louisiana law. He argues immovables in this state are subject to Louisiana law and in a judicial partition, the court must value the assets as of the time of trial under LSA-R.S. 9:2801. Plaintiff contends the Ohio court applied Ohio law and assigned the Louisiana farm a value as of the date of the separation. He argues the farm was worth $50,000.00 less in 1968, when the separation occurred, than it was in 1984, when the trial occurred.
*646 Plaintiff further contends the trial court erred in concluding judicial estoppel was applicable because judicial estoppel does not apply in Louisiana.
Defendant contends the instant action is a suit to partition community property, not a suit to annul a judgment. She argues the trial court was correct in sustaining her exceptions of res judicata and judicial estoppel because under the full faith and credit clause, a foreign judgment of separation or divorce which incorporates a division of community property is final and res judicata unless the foreign court lacked jurisdiction. Defendant contends the Ohio court had jurisdiction because plaintiff made an appearance in the Ohio proceedings.

Applicable Law
Pleadings should be interpreted according to their true meaning and effect in order to do substantial justice, rather than interpreted according to their caption. Cook v. Matherne, 432 So.2d 1039 (La.App. 1st Cir.1983); Bourgeois v. O'Neil, 393 So.2d 390 (La.App. 1st Cir.1980).
Immovable property is governed by the law of its situs and judgments of one state cannot directly affect or determine title to immovable property located in another state. Butler v. Bolinger, 16 La. App. 397, 133 So. 778 (2d Cir.1931); Dickerson v. Scott, 476 So.2d 524 (La.App. 1st Cir.1985). However, while a foreign court may not act directly on title to property, it may affect the parties' dealings with the property and bind them personally. Where a foreign judgment of divorce incorporates a division of community property in a community property settlement, that judgment is final, res judicata and entitled to full faith and credit in other states unless the rendering court lacked jurisdiction or unless a collateral attack against the judgment could be entertained in the rendering state. Article 4, § 1 U.S. Constitution; Shaw v. Ferguson, 437 So.2d 319 (La.App. 2d Cir.1983); Sandifer v. Sandifer, 389 So.2d 767 (La.App. 3d Cir.1980); Swain v. Swain, 339 So.2d 453 (La.App. 1st Cir. 1976); Dickerson v. Scott, supra. The litigant seeking to deny full faith and credit to the foreign judgment based upon the judgment being subject to a collateral attack where rendered has the burden of alleging and proving the basis for the availability of the collateral attack. Didier v. Didier, 230 So.2d 436 (La.App. 1st Cir.1969); Dickerson v. Scott, supra.
Under LSA-C.C.P. art. 2004, which sets forth the exclusive grounds for annulment of a judgment based on defects of substance, a judgment which is contrary to the law is immune from the action of nullity.[2]Fidelity & Casualty Co. of New York v. Clemmons, 198 So.2d 695 (La.App. 1st Cir. 1967); Levy v. Stelly, 254 So.2d 665 (La. App. 4th Cir.1971), writ den., 260 La. 403, 256 So.2d 289 (1972); Zeigler v. Zeigler, 420 So.2d 1342 (La.App. 2d Cir.1982); State v. Beauchamp, 473 So.2d 323 (La.App. 1st Cir.1985), writ den., 477 So.2d 1125 (La. 1985).
In the instant case, plaintiff's petition is styled "Petition to Partition Community Property." Plaintiff alleged in his petition that the Ohio court partitioned Louisiana community property contrary to Louisiana law and, therefore, the judgment can have no effect in Louisiana.
We conclude the trial court was correct in dismissing plaintiff's suit whether it is considered as an action for nullity or an action to partition community property.
The Ohio trial court rendered a judgment of divorce between plaintiff and defendant and partitioned all property owned by them. Plaintiff does not question the jurisdiction of the Ohio court in his petition wherein his sole attack on the Ohio judgment is stated to be that the Ohio court applied Ohio law to the partition of the Louisiana immovable property instead of Louisiana law. Plaintiff submitted to the jurisdiction of the Ohio court by making *647 an appearance.[3] Plaintiff admitted the finality of the Ohio decree in his petition in the instant action. Therefore, the Ohio judgment of divorce which incorporated a division of community property is res judicata and entitled to full faith and credit in Louisiana because the Ohio court had jurisdiction to enter the decree and there has been no assertion that it is subject to a collateral attack other than on the grounds of error of law which we will hereafter address and find without merit.
If plaintiff's petition is construed as an action to nullify the Ohio decree, we conclude the trial court committed no error in sustaining defendant's exception of no cause of action.
At the time the exceptions were under consideration by the trial court the plaintiff did not establish the Ohio law governing an action to annul a judgment. Where the law of another state is not established, it may be presumed that the law of that state is the same as the existing law of Louisiana. Rohring v. Rohring, 441 So.2d 485 (La.App. 2d Cir.1983); Schueler v. Schueler, 460 So.2d 1120 (La.App. 2d Cir.1984), writ den., 464 So.2d 318 (La. 1985).
The exception of no cause of action raises the question of whether any remedy is afforded by law. It is triable on the face of the petition, all well-pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. LSA-C.C.P. arts. 927, 931; Evans v. Century Ready Mix Corporation, 446 So.2d 860 (La.App. 2d Cir.1984); Dier v. Hamilton, 501 So.2d 1059 (La.App. 2d Cir.1987).
In the instant case, the only ground for nullity alleged by plaintiff in his petition is that the Ohio judgment is contrary to Louisiana law. A judgment contrary to the law is immune from the action of nullity. Fidelity & Casualty Co. of New York v. Clemmons, supra; Zeigler v. Zeigler, supra; Levy v. Stelly, supra. Therefore, accepting as true plaintiff's allegation that the Ohio decree is contrary to law, the petition states no cause of action because there is no remedy, in the form of an action of nullity, afforded by law to annul the judgment in Louisiana or in Ohio, whose law is presumed to be the same as Louisiana.
For the foregoing reasons, the judgment appealed is affirmed at plaintiff's costs.
AFFIRMED.
NOTES
[1] The plaintiff's petition affirmatively alleged the Ohio divorce judgment containing the community property settlement and that it was a final judgment and the defendant attached to her exceptions a copy of the Ohio divorce judgment which included the judicial partition of the community which judgment was certified in substantial compliance with LSA-C.C.P. art. 1395.
[2] LSA-C.C.P. art. 2004 provides in pertinent part

"A final judgment obtained by fraud or ill practices may be annulled."
[3] The first paragraph of the Ohio judgment states: "This cause came on for final hearing on July 2, 1984 upon plaintiff's complaint for divorce, defendant's answer and the evidence of the parties. The defendant, having been duly served with summons and a copy of the complaint and having filed his answer herein, the court finds that the parties are properly before the court and that it has jurisdiction over the parties and the subject matter. Both parties were present for the final hearing with counsel."