722 So.2d 367 (1998)
Teresa Lynn LEPARD, Plaintiff-Appellant,
v.
Timothy Lynn LEPARD, Defendant-Appellee.
No. 31,351-CA.
Court of Appeal of Louisiana, Second Circuit.
December 9, 1998.
*368 Jack H. Kaplan, Shreveport, Counsel for Appellant.
James T. Adams, Bossier City, Counsel for Appellee.
Before MARVIN, C.J., and GASKINS and PEATROSS, JJ.
GASKINS, Judge.
The plaintiff in this divorce action, Teresa Lynn Lepard, appeals from a trial court judgment granting an exception of res judicata in favor of the defendant, Timothy Lynn Lepard. The exception of res judicata was based upon a divorce decree in favor of Mr. Lepard granted in Mississippi. For the following reasons, we affirm the trial court judgment.

FACTS
The parties were married in Mississippi in October 1993. No children were born of the marriage. The matrimonial domicile was established in Mississippi and the parties resided in that state until their separation in October 1996 when Mrs. Lepard returned to Louisiana. On March 3, 1997, she filed the present action for divorce in Caddo Parish under La. C.C. art. 102.[1] The only relief she *369 requested was a divorce, restoration of her maiden name and termination of the community. A curator was appointed to represent Mr. Lepard, still a resident of Mississippi.
On March 24, 1997, the curator sent Mr. Lepard notice of the Louisiana divorce proceeding by certified mail. Mr. Lepard then filed an action for divorce in Mississippi on March 28, 1997. Mrs. Lepard was personally served with notice of the Mississippi divorce action on April 28, 1997. In the Mississippi action, she filed a notice of lis pendens on May 27, 1997, but took no other action in those proceedings. On June 14, 1997, Mrs. Lepard was notified by her husband's counsel that the Mississippi divorce action was set for trial on June 17, 1997. On that date, the Chancery Court of Union County, Mississippi granted a divorce in favor of Mr. Lepard.
On June 3, 1997, while the Mississippi proceedings were pending, Mrs. Lepard amended her Louisiana petition to request a divorce under La. C.C. art. 103[2] and to request injunctive relief against harassment by Mr. Lepard. After Mr. Lepard obtained his June 17, 1997 judgment of divorce in Mississippi, he filed exceptions of lack of personal jurisdiction, lis pendens, and res judicata in the Louisiana case. Mr. Lepard also filed a separate action in this state to make the Mississippi divorce judgment executory. In response to that suit, Mrs. Lepard has asserted that the Mississippi judgment was obtained through fraud or ill practices. The trial court denied Mrs. Lepard's motion to consolidate her Louisiana divorce action and Mr. Lepard's petition to make the Mississippi judgment executory. Therefore, the issues raised in the suit to make the Mississippi judgment executory are not presently before this court. On February 4, 1998, the trial court granted Mr. Lepard's exception of res judicata only and dismissed Mrs. Lepard's divorce suit. She now appeals from the adverse trial court judgment, arguing the trial court erred in granting Mr. Lepard's exception of res judicata.[3]

DISCUSSION
In contending that the trial court should have overruled Mr. Lepard's exception of res judicata, the plaintiff essentially argues that, for a number of reasons, the courts of this state should not accord full faith and credit to the Mississippi divorce judgment. The plaintiff argues that her petition for a Louisiana divorce was filed prior to Mr. Lepard's petition for a divorce in Mississippi, that the Mississippi court failed to give effect to her notice of lis pendens, that the Mississippi proceedings were not properly documented and therefore the record of the Mississippi divorce is not properly before this court. Further, Mrs. Lepard contends that the Mississippi statute on residency and jurisdiction lacks accreditation or proof by affidavits that it is actually the law. We find these arguments are without merit.
Louisiana's res judicata statute, La. R.S. 13: 4231, provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject *370 matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
As provided in the United States Constitution, Article IV, Section 1, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Succession of Bickham, 518 So.2d 482 (La.1988); Brown v. Brown, 387 So.2d 565 (La.1980), cert. denied 450 U.S. 966, 101 S.Ct. 1482, 67 L.Ed.2d 615 (1981). Louisiana courts may deny "full faith and credit" to judgments rendered in courts of other states only when it is shown that the court lacked jurisdiction. WellTech, Inc. v. Abadie, 95-620 (La.App. 5th Cir. 1/17/96), 666 So.2d 1234, writs denied, 96-0688 (La.5/3/96), 672 So.2d 690, 96-2598 (La.3/13/98), 712 So.2d 864. The relevant law to determine whether the foreign court had jurisdiction is the law of the forum state rendering the original judgment. State v. Fontenot, 587 So.2d 771 (La.App. 2d Cir. 1991). Full faith and credit may also be denied when a collateral attack on the foreign judgment would have been permitted in the state that rendered the judgment. Anderson v. Collins, 26,142 (La.App.2d Cir.1/6/95), 648 So.2d 1371, writs denied, 95-0629, 95-0783 (La.4/21/95), 653 So.2d 576; Fagone v. Fagone, 508 So.2d 644 (La.App. 2d Cir.1987). The litigant who seeks to deny a foreign judgment full faith and credit based on availability of a collateral attack where rendered has the burden of alleging and proving the basis for the availability of the collateral attack. Fagone v. Fagone, supra.
In this case, the plaintiff has failed to show that the Mississippi court lacked jurisdiction or that the Mississippi judgment is subject to collateral attack. The plaintiff points out that she filed her petition for divorce in this state prior to Mr. Lepard's filing in Mississippi and seems to contend that her prior filing should have precluded Mr. Lepard's suit in Mississippi. The plaintiff has furnished us with no authority for the proposition that the first filed suit primes all other suits in all circumstances. The mere act of filing a petition for divorce in Louisiana prior to the defendant's filing for divorce in Mississippi is not a bar to the Mississippi suit. The defendant cites Cox v. Cox, 234 Miss. 885, 108 So.2d 422 (Miss.1959), which holds that the pendency of an action for divorce in another state is not a bar, nor a cause for a stay of the proceedings, in a similar action between the same parties in the state, where jurisdiction of the defendant is obtained by personal service of process. Therefore, we will not deny full faith and credit to the Mississippi judgment simply because the plaintiff filed for divorce in this state first.
The plaintiff also sets forth factors establishing that Louisiana had jurisdiction over the divorce proceeding by virtue of her residency in this state. The pertinent issue on the question of full faith and credit is not whether Louisiana had jurisdiction, but whether the Mississippi court lacked jurisdiction. The plaintiff has not submitted any authority for the proposition that this state was the only court with jurisdiction over the dissolution of the marriage. The record shows that the parties were married in Mississippi, their matrimonial domicile was located in that state and the defendant continued to be a resident of that state after Mrs. Lepard returned to Louisiana. Further, in support of his exception of res judicata, the defendant has shown that these factors are sufficient under Mississippi law to confer jurisdiction over the proceeding.
The plaintiff objects that she filed a motion for lis pendens which was not given effect by the Mississippi court. We note that, in her notice of lis pendens filed in the Mississippi court, the plaintiff merely informed that court that a divorce proceeding between the parties had been initiated in *371 Louisiana. No relief such as a stay or a dismissal was requested of the Mississippi court. Further, the plaintiff relied upon Louisiana lis pendens provisions which apply only to actions filed in Louisiana courts and allow a party to seek a dismissal or a stay of all but the first suit filed.[4]
We also note that, even in Louisiana, the plaintiff would not have a valid exception of lis pendens. The plaintiff did not establish the law in Mississippi regarding lis pendens or a similar concept. Where the law of another state is not established, it may be presumed that the law of that state is the same as our existing law. Fagone v. Fagone, supra. At the time the plaintiff filed her notice of lis pendens in Mississippi, she was seeking a divorce in this state under La. C.C. art. 102, cited above. La. C.C.P. art. 3955 provides:
The defendant spouse in an action filed under Civil Code Article 102 may file a petition for divorce in the same or another court of competent jurisdiction and venue. The declinatory exception of lis pendens is not applicable to an action for divorce brought under Civil Code Article 102. The declinatory exception of lis pendens is applicable to matters incidental to divorce. [Emphasis supplied.]
Therefore, even under the law of this state, the declinatory exception of lis pendens is not applicable to actions for divorce under La. C.C. art. 102.
In furtherance of her argument that the Mississippi divorce judgment is not entitled to full faith and credit, the plaintiff contends that the record in the Mississippi proceeding was not certified in the manner provided by law and is not admissible in the present case. This contention is unfounded. La. C.E. art. 902 provides in pertinent part:
Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
(1) Domestic public documents under seal. A document bearing a seal purporting to be that of the United States, or of any state, district, commonwealth, territory, or insular possession thereof, or the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.
La. C.E. art. 904 provides:
When an original public document is deemed authentic without proof by extrinsic evidence as provided in Article 902(1), (2), or (3), a purported copy of the document also shall be deemed authentic when certified as true or correct by the custodian or other person authorized to make that certification, by certificate complying with Article 902(1), (2), or (3).
Contrary to the plaintiff's assertion, the copy of the Mississippi proceedings filed in the trial court was properly authenticated as required by these provisions.[5]
In arguing that his Mississippi divorce judgment is res judicata as to the plaintiff's suit in this state, and is entitled to full faith and credit, the defendant presented the lower court with a copy of the Mississippi statute on jurisdiction in divorce proceedings, to establish that jurisdiction over his case was proper in Mississippi, by virtue of his residency there. The plaintiff objects that *372 the copy of Mississippi statute is not properly authenticated and is not admissible. The plaintiff cites La. C.C.P. art. 1392, dealing with proof of statutes in support of her argument. That statute provides:
Printed books or pamphlets purporting on their face to be the session or other statutes of any of the United States, or the territories thereof, or of any foreign jurisdiction, and to have been printed and published by the authority of any such state, territory or foreign jurisdiction, or proved to be commonly recognized in its courts, shall be received in the courts of this state as prima facie evidence of such statutes.
The plaintiff argues that under this provision, copies of the statute are not adequate and cannot properly be admitted as proof of the law in Mississippi. We note that the cases construing this article to require further authentication for a copy of a statute arose in the middle 1800's, prior to the widespread publication of statutes. The plaintiff then directs the court's attention to La. C.E. art. 902(3), dealing with the admission of foreign documents into a court of this state. We note that this provision deals with public documents of foreign countries and is not applicable to this case.
We find that La. C.E. art. 202 is the applicable provision to the present case. That statute provides in pertinent part:
A. Mandatory. A court, whether requested to do so or not, shall take judicial notice of the laws of the United States, of every state, territory, and other jurisdiction of the United States, and of the ordinances enacted by any political subdivision within the court's territorial jurisdiction whenever certified copies of the ordinances have been filed with the clerk of that court.
Therefore, the trial court and this court may take judicial notice of Mississippi Code § 93-5-5 which provides that the chancery court has jurisdiction in a suit for divorce where one of the parties had been "an actual bona fide resident within this state for six (6) months next preceding the commencement of the suit." Thus, even if plaintiff was not a resident of Mississippi at the time the defendant filed for divorce in that state, the chancery court of Mississippi had jurisdiction by virtue of the defendant's residency, which plaintiff does not challenge.
The plaintiff asserts that the Mississippi judgment is not entitled to full faith and credit because she was not informed by the trial court in that state of the date of trial. The plaintiff was properly served with notice of the institution of suit by personal service. However, she claims that her only notice of trial came from the defendant's lawyer, not the trial court. The plaintiff has not demonstrated that she requested or was entitled to notice of the trial date from the court. Therefore, we find this argument to be without merit.
The plaintiff next asserts that the Mississippi judgment was obtained through fraud or ill practices and therefore, the judgment should not be afforded full faith and credit. As stated above, these allegations are being asserted in a separate proceeding. This issue was not litigated in the trial court and is not presently before this court. While we make no ruling on the merits of the plaintiff's claim in this regard, we find that the bare assertions of fraud and ill practices set forth in her brief are insufficient in this case to deprive the Mississippi judgment of full faith and credit.
The plaintiff has failed to establish that the Mississippi court lacked jurisdiction and she has failed in this proceeding to show that the Mississippi judgment could be collaterally attacked. Therefore, the Mississippi decree granting a divorce in favor of Mr. Lepard is entitled to full faith and credit. The trial court correctly granted Mr. Lepard's exception of res judicata, dismissing the plaintiff's petition for divorce.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment granting an exception of res judicata in favor of the defendant, Timothy Lynn Lepard, dismissing the Louisiana divorce proceeding filed by the plaintiff, Teresa Lynn Lepard. Costs in this court and in the court below are assessed to the plaintiff.
AFFIRMED.
NOTES
[1] At the time Mrs. Lepard filed her divorce petition in this state, La. C.C. art 102 provided:

A divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least one hundred eighty days prior to the filing of the rule to show cause.
The motion shall be a rule to show cause filed after all such delays have elapsed.
[2] At the time the plaintiff filed for divorce, La. C.C. art. 103 provided:

A divorce shall be granted on the petition of a spouse upon proof that:
(1) The spouses have been living separate and apart continuously for a period of six months or more on the date the petition is filed;
(2) The other spouse has committed adultery; or
(3) The other spouse has committed a felony and has been sentenced to death or imprisonment at hard labor.
[3] In her assignment of error, Mrs. Lepard alleges that, "The lower court erred when it sustained the Motions of Jurisdiction in Personam, Lis Pendens and Peremptory Exception of Res Judicata filed by the defendant, Timothy Lynn Lepard." However, in this case, the trial court only sustained the exception of res judicata. The other matters were not ruled upon. Therefore, the court's ruling on the issue of res judicata is the sole issue presently before this court for review.
[4] La. C.C. P. art. 531 provides:

When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
Also, La. C.C.P. art. 532 provides:
When a suit is brought in a Louisiana court while another is pending in a court of another state or of the United States on the same transaction or occurrence, between the same parties in the same capacities, on motion of the defendant or on its own motion, the court may stay all proceedings in the second suit until the first has been discontinued or final judgment has been rendered.
[5] The defendant filed into the record a copy of the Mississippi decree of divorce which had been certified by the recorder of Union County, Mississippi, to be a full and correct copy of the original file. The recorder's seal and signature were certified by the judge of the chancery court. The recorder then certified the judge's qualifications.