728 So.2d 1023 (1999)
Leon C. BRANNAN, Sr., Plaintiff-appellee,
v.
Naida TALBOTT and Nadine Brannan, Defendants-appellants.
No. 31,632-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1999.
*1024 Foster & Foster By Mark O. Foster, Minden, Counsel for Appellants.
Charles R. Rowe, Bossier City, Counsel for Appellee.
Before NORRIS, STEWART and CARAWAY, JJ.
CARAWAY, J.
In this action for disavowal of paternity under La. R.S. 9:305, Naida J. Talbott ("Naida") and Nadine E. Brannan ("Nadine") contest the trial court's judgment declaring Leon C. Brannan ("Leon") not to be Nadine's biological father and relieving Leon from the payment of any child support order previously entered against him in Louisiana. Finding that Naida waived her right to child support payments accrued after the date of Leon's filing of this action and that the trial court had no authority to eliminate the past-due arrearage accumulated prior to the filing, we reverse the trial court's ruling and render judgment in favor of Naida.

Facts and Procedural History
Leon and Naida were married on January 3, 1963 in Bermuda. On August 8, 1976, while Leon and Naida were married and living together, a child, Nadine, was born. Leon and Naida separated in 1985 and their last matrimonial domicile was in Bossier Parish.
On July 17, 1986, a consent judgment was entered granting Leon and Naida a divorce, granting joint custody of Nadine to Leon and Naida and ordering Leon to pay $250 per month in child support. After the divorce, Leon moved to Florida and fell into arrears in his child support payments. After the commencement of proceedings in Florida for the collection of past-due child support, on September 30, 1993, Leon filed a petition to disavow paternity in Bossier Parish district court pursuant to the newly enacted statute, La. R.S. 9:305, Act 32 of 1993. After Naida's response to the suit and a supervisory writ order of this court, Leon amended his petition to allege that child support proceedings had been brought in the circuit court in Nassau County Florida on July 28, 1993, thus allowing him to file the disavowal action under the narrow exception provided under Section 2 of the new statute.
On May 30, 1996, a hearing was held and the trial court granted Leon's motion for a preliminary injunction enjoining Naida and Nadine from enforcing the child support collection. Naida and Nadine filed a writ application to this court which was converted to an appeal. In the opinion dated April 3, 1997, this court held that Leon's disavowal action was ancillary to a child support proceeding and was timely brought under La. R.S. 9:305 but that the trial court wrongly issued the temporary restraining order and *1025 preliminary injunction. Brannan v. Talbot, 29,692 (La.App.2d Cir.4/2/97), 691 So.2d 848.
After remand of the case to the district court, on January 8, 1998, Naida filed a rule for contempt and to make past-due child support executory. The rule showed that on September 15, 1994, Leon, through his counsel in the Florida proceedings, consented to a judgment finding him to be in arrears to Naida for past-due child support in the amount of $10,573.60. The rule was set for January 14, 1998, the same date as the trial on the merits for Leon's disavowal action. On January 13, 1998, the day before trial, Naida partially dismissed her claim to any child support which accrued after the date Leon filed his disavowal action. At trial, the evidence showed that as of September 20, 1993, the date Leon filed his action, Leon owed Naida $8,750 for accrued child support arrearage.
The trial court ruled that Leon was declared not to be the biological father of Nadine based upon blood test results offered by Leon. The court then ruled that Leon was relieved from the payment of any child support order entered against him in Louisiana.

Discussion
The disputed statute, La. R.S. 9:305, provides a defense to the payment of child support for a party alleged to be the father of the child upon proof that the party is not the father. As originally enacted, the statute provided:
Act 32 of 1993, Section 1 (now La. R.S. 9:305 A): Notwithstanding the provisions of Civil Code Art. 189 and for the sole purpose of determining the proper payor in child support cases, if the husband, or legal father who is presumed to be the father of the child, erroneously believed, because of misrepresentation, fraud, or deception by the mother, that he was the father of the child, then the time for filing suit for disavowal of paternity shall be suspended during the period of such erroneous belief or for ten years, whichever ends first.
Based upon the prior ruling of this court on the issue of prescription, Leon's claim under this statute was allowed as ancillary to and in defense of Naida's claims for past-due child support which were pending in Florida in 1993. However, in addition to the suit pending against Leon in Florida, Naida also filed a rule in this action seeking judgment for recognition of the delinquent child support payments. Leon did not file an objection to this rule, and at the trial of the case, evidence was introduced detailing Leon's delinquent arrearage, which he admitted in his testimony.
In this unique procedural posture where Leon instituted a suit to recognize a defense to the obligation for child support, we first must interpret the procedural effect of Naida's claim for that child support which was presented to the trial court by rule and not by reconventional demand. Pleadings should be interpreted according to their true meaning and effect in order to do substantial justice, rather than interpreted according to their caption. La. C.C.P. art. 865; Fagone v. Fagone, 508 So.2d 644 (La.App. 2d Cir.1987); Cook v. Matherne, 432 So.2d 1039 (La.App. 1st Cir.1983). Because of this procedural posture and Leon's defensive assertion of his claim regarding paternity, the consideration of Naida's claim for past-due alimony is appropriate, and her pleadings will be treated as a reconventional demand.
With her reconventional claims before the court, Naida nevertheless chose at the time of trial to partially waive the claim for child support for the last eleven-month period between the filing of Leon's suit on September 20, 1993 and the date of Nadine's eighteenth birthday, August 8, 1994. Therefore, as to that eleven-month period, Leon's defense is unnecessary and the issue of the statute's application was made moot by Naida's waiver.
In Naida's remaining reconventional claim for child support, she seeks recognition of the amount of accumulated child support which was in arrears through the date that Leon first raised his claim for disavowal of paternity. The evidence presented at trial indicated that as of September 20, 1993, the total amount of the arrearage was $8,750.
It is well established law that the legislature, by statute, cannot deprive a plaintiff of a money judgment, since a money judgment *1026 is a vested right and not subject to change by legislation. Wright v. Wright, 189 La. 539, 179 So. 866 (1938). It is also settled that accumulated child support is a vested property right, and equity will not nullify or reduce it, until the judgment ordering the support has been altered or amended by a subsequent judgment, or it has been terminated by operation of law. Moore v. Braddock, 391 So.2d 908 (La.App. 2d Cir.1980); Collette v. Olivier, 309 So.2d 894 (La.App. 3d Cir.1975), writ denied, 313 So.2d 827 (La.1975).
The Louisiana Supreme Court has discussed child support awards as follows:
[U]nless automatic reduction, modification or termination is provided for by operation of law, the award remains enforceable notwithstanding that a cause for reduction may have occurred which would, upon proper suit, warrant such a reduction. Support for this rule is found in a proper regard for the integrity of judgments. Such a regard does not condone a practice which would allow those cast in judgment to invoke self-help and unilaterally relieve themselves of the obligation to comply. Any other rule of law would greatly impair the sanctity of judgments and the orderly processes of law. To condone such a practice would deprive the party, in whose favor the judgment has been rendered, of an opportunity to present countervailing evidence, and at the same time deny the judge an opportunity to review the award in light of the alleged mitigating cause which had developed since its rendition. Halcomb v. Halcomb, 352 So.2d 1013 (La. 1977).
Once the moving party has proven the existence of child support arrearages, the court has no power to nullify or reduce accumulated alimony or child support until the previous judgment awarding it is amended by a subsequent judgment or by operation of law. Welborne v. Welborne, 29,479 (La.App.2d Cir.5/7/97), 694 So.2d 578, writs denied, 97-1800 (La.10/13/97), 703 So.2d 621 and 97-1850, 703 So.2d 623 (La.10/13/97), 703 So.2d 623; Hendrick v. Hendrick, 470 So.2d 449 (La.App. 1st Cir.1985). This rule of law concerning the inability of a court to eliminate arrearage accumulated prior to a subsequent judgment altering or amending the child support has been upheld in numerous cases. See, e.g., Tutorship of Shea, 619 So.2d 1236 (La.App. 3d Cir.1993), writ denied, 626 So.2d 1165 (La.1993) (previous custody award to maternal grandparents did not relieve the father of his obligation to pay support which had accrued prior to the date of the adoption decree in favor of grandparents); Hendricks v. Hendricks, 594 So.2d 1129 (La.App. 3d Cir.1992) (father who was totally disabled and bedridden was not relieved from child support obligation until the judgment was altered or amended by operation of law); and Pennison v. Pennison, 542 So.2d 666 (La. App. 5th Cir.1989) (father's contentions regarding his reduction of income and inability to make payments cannot bar mother's right to accrued arrearages).
As originally enacted in 1993, La. R.S. 9:305 provided a party the right to disavowal paternity "for the sole purpose of determining the proper payor in child support cases." As the result of the original judgment following the parties' divorce in 1986, Leon was determined to be the payor of child support. His status as "payor" determined, Leon was cast in judgment in the amount of $250 per month. Under the jurisprudence, Leon's status remained as a judgment debtor until such time that he commenced this action to redetermine his status as the proper payor of child support.
In 1997, without altering the statute's "proper payor" provision, the legislature amended La. R.S. 9:305 to add Section B providing:
No provision of this Section shall affect any child support payment or arrears paid, due, or owing prior to the filing of a disavowal action if an order of disavowal is subsequently obtained in such action.
Without a clear legislative expression of purpose, this amendment must be classified as substantive, procedural or interpretive. Substantive laws are laws that impose new duties, obligations or responsibilities upon parties, or laws that establish new rules, rights and duties or change existing ones. St. Paul Fire & Marine Insurance Co. v. Smith, 609 So.2d 809 (La.1992). Procedural laws address the methods for enforcing an *1027 existing right or relate to how a law operates. Segura v. Frank, 93-1271, 93-1401 (La.1/14/94), 630 So.2d 714, cert. denied, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994). Interpretive laws are those which clarify the meaning of a statute and are deemed to relate back to the date that the law was originally enacted. Manuel v. Louisiana Sheriff's Risk Management Fund, 95-0406 (La.11/27/95), 664 So.2d 81.
Because of the prior jurisprudence which guarded the sanctity of child support judgments, we conclude that the 1997 amendment to this statute is not substantive, but is merely interpretive of the original purpose for the 1993 act. When the legislature added this section, it did not create a new right or duty, but merely clarified that a disavowal would not affect any past child support obligation paid, due or owing but would only affect subsequent child support following a successful disavowal action. It was not necessary in 1997 to change the substantive language of the statute allowing paternity to be disputed only for the determination of the proper payor because one construction of that language since the statute's inception is the construction we now choose to follow.
Accordingly, we hold that the trial court had no authority to eliminate any pastdue accumulated arrearage owed by Leon pursuant to a previous child support judgment prior to his September 20, 1993 filing of the disavowal action and that Naida is entitled to have these amounts made executory. We therefore find that Naida is entitled to judgment against Leon in the amount of $8,750 for accumulated child support arrearages.
Finally, finding that the enactment to La. R.S. 9:305 gave Leon good cause to contest Naida's child support claims through this disavowal action, we refuse to hold Leon in contempt or award Naida and Nadine any attorney's fees in this matter. La. R.S. 9:375.

Decree
For the foregoing reasons, it is ordered, adjudged and decreed that there be judgment in favor of Naida Talbott and against Leon Brannan for the past-due child support in the amount of $8,750, with legal interest thereon from the date of judicial demand until paid. Costs of this appeal are assessed to Leon Brannan.
REVERSED AND RENDERED.