_J¿FOIL, J.
This appeal challenges a Louisiana trial judge’s refusal to accord full faith and credit to a judgment rendered by a Texas court. We reverse.
BACKGROUND
On August 1, 2000, Ronald Summers, in his capacity as executor of the estate of Elmer Alvis Summers, filed an ex parte *48 petition for enforcement of a foreign judgment in the 22nd Judicial District Court for the Parish of St. Tammany. Attached to the petition was a copy of a final judgment rendered by a Texas court in favor of Elmer Alvis Summers and against Horace “Clint” Pray, a Louisiana resident, in the amount of $70,000.00 plus interest and attorney’s fees. Also attached to the petition was an affidavit pursuant to the Enforcement of Foreign Judgment Act, La. R.S. 13:4241 et seq. On August 1, 2000, Judge William Burris signed the judgment recognizing the Texas judgment as a final judgment of the 22nd Judicial District Court.
On August 8, 2000, Pray filed a motion for a new trial and an answer. Therein, Pray alleged that the Texas judgment was invalid because the Texas court did not have jurisdiction over him. He also alleged that he did not receive notice of the motion for summary judgment or the hearing thereon prior to the rendition of the summary judgment. He argued, therefore, that Louisiana should not accord the judgment full faith and credit because it was obtained in violation of his due process rights of notice and an opportunity to be heard.
In opposition to the motion for a new trial, Summers attached documents detailing the history of the parties’ dispute, that reflect the following: On October 16, 1997, Elmer Alvis Summers filed a suit against Horace “Clint” Pray, a Louisiana resident, in the 80th Judicial District, Harris County, Texas, alleging that Pray defrauded him out of $90,000.00 in an investment scheme. Elmer Alvis Summers was Pray’s elderly uncle. Two weeks after filing the petition, Elmer Summers died. His son, Ronald | ¡¡Summers, filed a motion in the Texas court to be substituted as the proper party plaintiff on behalf of his deceased father’s estate. Attached to this motion was a certified copy of the Letters Testamentary from a Texas Harris County probate court, appointing Ronald Summers as the executor of the last will of Elmer Summers. A death certificate showing that Elmer Summers died on November 2, 1997, as well as a suggestion of death, was also filed with the motion. The Texas district court judge signed an order allowing Ronald Summers to be named as plaintiff, and ordered that the suit proceed in Ronald Summer’s name on August 27, 1998.
The record reflects that the St. Tammany Parish Sheriffs office made five unsuccessful attempts to serve Pray at his Madi-sonville home with the Texas suit. On April 21,1998, Pray received service of the petition at his home.
On June 15, 1998, Pray filed a motion to dismiss the Texas suit for lack of jurisdiction and improper venue, asserting that he had no contacts with his uncle, Elmer Summers. The motion was denied by the Texas court.
On September 28, 1998, Summers filed a motion for summary judgment in the Texas court on the basis of Pray’s deemed admissions due to his failure to respond to requests for admissions. Summers filed proof that discovery requests were sent to Pray by facsimile and by certified mail. Summers also filed a notice of submission of the motion for summary judgment for consideration on October 19, 1998. Summer’s attorney certified that the notice of submission of the motion for summary judgment had been forwarded to the parties in accordance with the Texas rules of civil procedure on September 25, 1998. Appearing in the record is a facsimile receipt showing that a document containing 29 pages was sent to Pray on September 25,1998.
On October 27, 1998, the Texas court entered judgment against Pray on the mo *49 tion for summary judgment. On December 8, 1998, the Texas |4court signed the final judgment. The record shows that Pray received a copy of the judgment by facsimile transmission on June 11, 1999.
On June 18, 1999, Pray filed a petition for nullity of the Texas judgment in the St. Tammany Parish district court, alleging that the Texas court lacked jurisdiction. He also alleged that he had no notice of the pendency of the motion for summary judgment.[1]
A hearing was held before Judge Patricia Hedges of the St. Tammany Parish district court on Pray’s motion for a new trial in the enforcement proceeding to determine the validity of the Texas judgment. At the hearing, during which Pray and Summers represented themselves, Pray insisted that he never received notice of the motion for summary judgment, and had no knowledge of the Texas judgment until June 11, 1999. Summers offered the facsimile transmission sheet showing that on September 25, 1998, 29 pages were successfully transmitted to Pray. Pray admitted that the number shown on the transmission sheet was the number to his fax machine.
Thereafter, the judge refused to give full faith and credit to the Texas judgment, raising sua sponte the peremptory exception of no right of action. She stated in written reasons for judgment that the named plaintiff in both the Texas and Louisiana suits was Elmer Alvis Summers. The judge stated she had no knowledge whether Elmer Summers was alive or dead, whether his succession had ever been opened or whether Ronald Summers was the executor of his estate. She concluded, therefore, that Ronald Summers had no right of action without proof of these facts. She also noted, but did not address, other “problems,” such as the lack of the Texas judgment being certified under the Act of Congress and proof of service on Pray, which was allegedly by fax machine.
| .^Summers filed a motion for reconsideration, attaching the Letters Testamentary. The judge denied the motion for reconsideration, and Summers appealed the trial judge’s refusal to recognize the Texas judgment.
DISCUSSION
We first address the judge’s no right of action ruling. The exception of no right of action challenges whether plaintiff has an actual interest in bringing the action. La.Code Civ. P. art. 927. The exception asks whether the plaintiff has an interest in judicially enforcing the right asserted. Northshore Capital Enterprises v. St. Tammany Hospital District # 2, 01-1606, p. 4 (La.App. 1 Cir. 6/21/02), 822 So.2d 109, 112, writ denied, 2002-2023 (La.11/1/02), 828 So.2d 584. An appellate court reviews an exception of no right of action de novo. Horrell v. Horrell, 99-1093, p. 5 (La.App. 1 Cir. 10/6/00), 808 So.2d 363, 368, writ denied, 2001-2546 (La.12/7/01), 803 So.2d 971.
We find that the trial judge erred when she raised the exception of no right of action sua sponte. The record contains the Letters Testamentary, Suggestion of Death, the death certificate of Elmer Summers and a court order signed by the Texas court authorizing Ronald Summers to proceed as the proper party plaintiff in the action against Pray. The record estab *50 lishes that Ronald Summers had a legal right to bring an action to enforce the judgment in St. Tammany Parish, and the judgment sustaining the exception of no right of action is hereby reversed.
Because the record before this court on appeal is complete, we shall proceed to determine whether the Texas judgment should be accorded full faith and credit in Louisiana. ■'
Under the U.S. Constitution, Article IV, Section 1, a Louisiana court must give full faith and credit to the judgment of a court of a sister state. A state may deny full faith and credit to a judgment rendered by a court of another state when it is shown that the court rendering the judgment lacked jurisdiction over the parties or the subject matter or that the judgment was | fiobtained through extrinsic fraud. State, Department of Health & Resources v. Bethune, 618 So.2d 1045, 1047 (La.App. 1 Cir.1993). Louisiana courts may also deny full faith when a collateral attack on the foreign judgment would have been permitted in the state that rendered the judgment. Lepard v. Lepard, 31,351, p. 4 (La.App. 2 Cir. 12/9/98), 722 So.2d 367, 370. A judgment rendered in violation of due process is void in the rendering state and is not entitled to full faith and credit elsewhere. Due process requires that the defendant be given adequate notice of the suit. Griffith v. French, 97-2635, pp. 3-4 (La.App. 1 Cir. 12/28/98), 723 So.2d 1140, 1143, writ denied, 1999-0220 (La.3/19/99), 740 So.2d 116.
It is clear that Pray was served with and did receive notice of the filing of the initial petition for damages in the Texas court. Pray insists, however, that he was denied due process because he did not receive notice of the motion for summary judgment and was never given an opportunity to present valid defenses thereto.
Summers urges that Pray was validly served with notice of the motion for summary judgment under Texas law. Appearing in the record is a certified copy of several Texas rules of civil procedure. Rule 21 requires that all motions be served on all other parties. Rule 21a sets forth the method of service. The rule provides that with the exception of citation to be served upon the filing of a cause of action, motions may be served by delivering a copy to the party to be served, or the party’s duly authorized agent or attorney of record, or by certified mail, or by facsimile transfer to the recipient’s current telecopier number.
In this case, Summers offered the affidavit of his attorney, Harold May, who attested that Pray participated on his own behalf in a hearing in the Texas court regarding a reinstatement motion on August 24, 1998. On September 25, 1998, May filed a motion for summary judgment, proposed order and notice of submission of the motion in the Texas action on behalf of Summers. On that date, May attested, he served a copy of those |7documents on Pray by certified mail to Pray’s address at 1228 Hano Road, and also served Pray with a copy of the documents by telecopier to Pray’s number at (504)845-3428. Attached to the affidavit was a facsimile transaction report showing that a document consisting of 29 pages had been sent successfully by Summers’ attorney to Pray at telecopier number (504) 845-3428. At the hearing in the St. Tammany court, Pray admitted that this transmission receipt contained his correct facsimile number.
A litigant who seeks to deny a foreign judgment full faith and credit based on a collateral attack where rendered has the burden of proving the basis of availability of the collateral attack. Lepard v. Lepard, 722 So.2d at 370. Pray failed to prove that he was not served with notice of the motion for summary judgment in ac *51 cordance with Texas law. Summers offered evidence showing that Pray was sent and received notice of the motion for summary judgment by facsimile transmission, which is an authorized method of service under Texas law for the service for motions filed in connection with an ongoing litigation.
Accordingly, we conclude that Pray has not established a basis for collaterally attacking the Texas judgment in the enforcement proceeding. We remand the case and order the trial court to enter judgment recognizing the Texas judgment as a final judgment of the 22nd Judicial District Court.
CONCLUSION
For the foregoing reasons, the judgment is reversed. The case is remanded for entry of judgment in accordance with this opinion. All costs of this appeal are assessed to appellee, Horace Pray.
REVERSED AND REMANDED WITH ORDER.

. According to Summers’ brief, exceptions of no right of action and no cause of action and lack of jurisdiction were filed in response to the nullity petition. The St. Tammany Parish judge maintained the exceptions and dismissed the petition for nullity. The granting of the exceptions in the nullity action was also noted by the trial judge granting Fray's motion for a new trial to attack the validity of the Texas judgment.