PER CURIAM.
I,This matter arises from a dispute between attorneys over fees. After arbitration, the arbitrator awarded plaintiff 50% of the fees in the underlying litigation. Plaintiff then filed a proceeding in the district court to confirm the arbitration. After a contradictory hearing at which both attorneys appeared, the district court rendered judgment on November 19, 2010, confirming the arbitrator’s award. Defendant did not move for a new trial, nor did he file a motion and order for appeal. Three months later, on February 9, 2011, defendant filed a petition to annul the judgment of the arbitrator, alleging the arbitrator erred in prohibiting one of defendant’s witnesses from testifying during the arbitration, and erred in determining the amount of fees that should be divided. Plaintiff responded by filing an exception of no cause of action. The district court overruled the exception, and the court of appeal denied plaintiffs request for supervisory review. Plaintiff then sought review in this court.
In essence, defendant’s petition alleges the arbitration award should be annulled because the arbitrator failed to allow one of his witnesses to testify. Such a ground might arguably be a basis for vacating the award under La. R.S. 9:4210(0, which provides an award may be vacated “[wjhere the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any | pother misbehavior by which the rights of any party have been prejudiced” [emphasis added]. However, La. R.S. 9:4213 provides such a motion must be filed within three months after the arbitrator’s award is filed or delivered. Defendant’s petition to annul was filed well outside of this time period.
As a result, defendant’s remedy would be limited to an action for nullity of the district court’s judgment on the basis of fraud or ill practices under La.Code Civ. P. art. 2001 et seq. Nothing in defendant’s petition for nullity alleges fraud or ill practices in connection with the district court’s judgment.
Accordingly, the writ is granted. The judgment of the district court is reversed, and plaintiffs exception of no cause of action is granted. Pursuant to La.Code Civ. P. art. 934, the case is remanded to district court to determine whether the *447 objection may be removed by amendment of the petition, and if so, to set an appropriate delay for amendment.