HIGGINBOTHAM, J.
1aExPert Oil & Gas, L.L.C. (ExPert) and Mack Energy Company, Knight Resources, L.L.C., Big Sky Operating Companies, Inc., and Duplantis Resources, L.L.C. (collectively “Mack”) are parties to a Participation Agreement and a Joint Operating Agreement whereby the parties agreed that ExPert would serve as the oil and gas operator of certain wells located in the Lake Salvador Field in Louisiana, in which Mack had an ownership interest. In 2010, Mack instituted an expenditure audit of the joint account of the Lake Salvador Field, which was maintained by ExPert as the operator. The auditor determined that some of the expenditures made by ExPert were unauthorized and improper and should be repaid. Neither Mack nor ExPert fully agreed with the auditor’s report and, pursuant to the Participation Agreement, the parties attempted mediation. After mediation, the parties continued to disagree on the proper resolution of the joint account. The matter was submitted to arbitration. After an eight-day arbitration, the arbitrator rendered a reasoned award, ordering ExPert to credit the joint account in the amount of $1,596,269.15.
Following the conclusion of arbitration, Mack initiated a proceeding in the district court to have the arbitration award confirmed. ExPert responded by moving to have the award vacated. After briefing and oral argument by the parties, the district court confirmed the arbitration award. The district court judgment was subsequently affirmed by this court, as well as by the supreme court. See Mack Energy Co. v. ExPert Oil and Gas, L.L.C., 2013-0182 (La.App. 1st Cir. 1/17/14), 2014 WL 201516 (unpublished), aff'd, 2014-1127 (La. 10/3/14), 159 So.3d 437.
On May 12, 2015, ExPert filed a petition to nullify the August 13, 2012 judgment of the. district court that confirmed the award of the arbitrator, alleging that the judgment is a relative nullity because it was obtained through ill practices. Specifically, ExPert maintains that the arbitrator admitted for the first time on February 25, 2015, after the judgment confirming the arbitration award was final, [sthat he had made a mistake in performing the calculations of the credits due to Mack, and the mistake resulted in awarding Mack erroneous credits.
*1083 Mack responded by filing a peremptory exception raising the objection of no cause of action, asserting that ExPert failed to allege a cause of action under La. Code Civ. P. art. 2004 to annul the August 13, 2012 judgment of the district court. The matter came before the district court on July 15, 2015, after which the district court signed a judgment on August 3, 2015, granting Mack’s peremptory exception of no cause of action and dismissing the petition of ExPert with prejudice. It is from this judgment that ExPert appeals, contending that the trial court erred in granting Mack’s peremptory exception of no cause of action.
LAW AND ANALYSIS
A cause of action, for purposes of the peremptory exception, is defined as the operative facts that give rise to the plaintiffs right to judicially assert the action against the defendant. Ramey v. DeCaire, 2003-1299 (La. 3/19/04), 869 So.2d 114, 118. The function of the exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Id. Generally, no evidence may be introduced to support or controvert the exception raising the objection of no cause of action. See La. Code Civ. P. art. 931. In addition, all facts pled in the petition must be accepted as true, and any doubts are resolved in favor of the sufficiency of the petition to state a cause of action. Thus, the only issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Ramey, 869 So.2d at 118.
Appellate courts review a judgment sustaining a peremptory exception of no cause of action de novo. Ramey, 869 So.2d at 119. This is because the exception raises a question of law, and the trial court’s decision is based only on the sufficiency of the petition.- Id. The pertinent question is whether, in the light most favorable to | 4the plaintiff, with every doubt resolved in the plaintiffs behalf, the petition states any valid cause of action for relief. Id.
Judgments are not infallible. However, even if an error is made, once a judgment becomes final; it is not reversible on grounds of- mere error. Livingston Parish Sewer District No. 2 v. Millers Mutual Fire Insurance Company of Texas, 99-1728 (La.App. 1 Cir. 9/22/00), 767 So.2d 949, 953, writ denied, 2000-2887 (La. 12/8/00), 776 So.2d 1175.
On the other hand, a final judgment obtained by fraud or ill practices may be annulled by filing an action to annul within one year of the discovery of fraud or ill practices. La. Code Civ. P. art. 2004(B). This article is not limited to.cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure. Belle Pass Terminal, Inc. v. Jolin, Inc., 2001-0149 (La. 10/16/01), 800 So.2d 762, 766. Because an action ■ for nullity based on fraud or ill practices is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof, it is imperative that courts review a petition for nullity closely. The purpose of an action for nullity is to prevent injustice which cannot be corrected through new trials and appeals. Id.
The two criteria that have been set forth jurisprudentially to determine whether a judgment was obtained by actionable fraud or ill practices are: (1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant -seeking relief; and (2) enforcement of the judgment would *1084 be unconscionable and inequitable. Livingston Parish Sewer District No. 2, 767 So.2d at 953. If these criteria are met the judgment is subject to nullification. See Belle Pass Terminal, Inc., 800 So.2d at 766.
“Ill practice” includes any improper practice or procedure which operates, even innocently, to deprive a litigant of some legal right. See Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983). The “legal right” of which a litigant must be deprived in order to have a judgment annulled includes the right to appear and assert a defense and the right to a fair and impartial trial. See Belle Pass Terminal, Inc., 800 So.2d at 766-67. A nullity action under La. Code Civ. P. art. 2004 is not a substitute for an appeal from a judgment that may be based on insufficient evidence or a misinterpretation of substantive law. Rather, the action provided by Article 2004 is “designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary.” Lieber v. Caddo Levee Dist. Bd. of Com’rs, 32,551 (La.App. 2d Cir. 12/8/99), 748 So.2d 587, 590, writ denied, 2000-0561 (La. 4/7/00), 759 So.2d 763, cert. denied, 531 U.S. 928, 121 S.Ct. 306, 148 L.Ed.2d 246 (2000).
According to ExPert’s petition, after the supreme court affirmed the August 13, 2012 district court judgment that confirmed the reasoned award of the arbitrator, ExPert held a telephone conference with the arbitrator who revealed for the first time “that he committed gross professional negligence when performing the calculation of three categories of credits in the Arbitration Award[,]” and confirmed for the parties that the arbitration judgment awarded erroneous credits totaling $434,2 71.71. The petition further alleges that because the district court judgment is the result of the arbitrator’s gross professional negligence, the judgment was obtained by “ill practices” and should be annulled.
ExPert claims in the petition that the calculation errors were only disclosed after all appellate relief was exhausted. Thus, ExPert asserts it was deprived of its legal right to receive a fundamentally fair arbitration hearing, enjoy full due process, and seek review before the district court with full knowledge of the arbitrator’s errors. Additionally, ExPert’s petition contends that, because the district court judgment awards credits totaling $434,271.71 which are not “due and owing,” any enforcement of the judgment would be unconscionable and inequitable.
| ^Accepting the facts alleged in ExPert’s petition as true, ExPert contends that the judgment of the district court should be nullified for ill practices on the basis of calculation errors that occurred during arbitration. In the supreme court decision affirming the judgment of the district court in this case, Mack Energy Co., 159 So.3d at 442, the supreme court stated:
In reviewing arbitral awards challenged under La. R.S. 9:4210(D), it is not the role of the judiciary to correct errors of fact or law; therefore, the calculation of damages is beyond our review. Thus, we are not revisiting how or why the arbitrator arrived at an award of approximately $1.6 million. [Citations omitted.]
By consensually substituting arbitration for litigation, the parties are presumed to accept the risk of procedural and substantive mistakes of either fact or law by the arbitrators, which are not reviewable by the courts. Goodrich Petroleum Co., LLC v. MRC Energy Co., 2013-1435 (La.App. 4th Cir. 4/16/14), 137 So.3d 200, 202-03, writ denied, 2014-1199 (La. 9/19/14), 149 So.3d 249.
*1085 ExPert contends that the arbitrator’s undisclosed calculation error results in ill practices on the part of the district court in affirming the arbitrator’s award. As pointed out by the supreme court, because of the nature of arbitration, the calculation of damages made by the arbitrator was beyond the district court’s review in Expert’s motion to vacate the arbitration award under La. R.S. 9.4210(D). (See La. R.S. 9:4210 providing the grounds for vacating an arbitration award.) Considering that calculation errors made by the arbitrator are not a basis to vacate an arbitration award, errors of calculation certainly are not a basis for nullifying the judgment of the district court affirming the arbitrator’s award.
All alleged errors and ill practices in ExPert’s petition were based on the computational errors made by the arbitrator during the arbitration proceedings, and nothing in ExPert’s petition alleges fraud or ill practices in connection with the district court’s proceeding confirming the arbitrator’s reasoned award. See Napolitano v. Gill, 2012-0206 (La. 5/4/12), 88 So.3d 446 (per curiam). | ^Consequently, we find ExPert failed to state a cause of action for nullity of the district court judgment that confirmed the arbitrator’s reasoned award.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court granting Mack’s peremptory exception of no cause of action. All costs of this appeal are assessed to ExPert Oil and Gas, L.L.C.
AFFIRMED.