# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-946


DR. JOE W. AGUILLARD

VERSUS

LOUISIANA COLLEGE


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 261,386
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.


**AFFIRMED.**

**Billy R. Pesnell**
**J. Whitney Pesnell**
**W. Alan Pesnell**
**The Pesnell Law Firm, A P.L.C.**
**P. O. Box 1794**
**Shreveport, LA 71166-1794**
**(318) 226-5577**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Dr. Joe W. Aguillard**

**Charles S. Weems, III**
**Jonathan D. Stokes**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louisiana College**

**SAUNDERS, Judge.**

This appeal comes to this court from a judgment granting exceptions of no cause of action and res judicata and dismissing a petition to annul a judgment confirming an arbitration award. The arbitration award was in favor of a college in a wrongful termination suit brought against the college by its former president and tenured faculty member. We find no error by the trial court.

## FACTUAL AND PROCEDURAL HISTORY:

Plaintiff/Appellant, Joe Aguillard (Aguillard), became the president of defendant/appellee, Louisiana College (Louisiana College) on January 18, 2005. Aguillard served in that capacity until April 15, 2014, when he became "president emeritus" of Louisiana College and a fully tenured member of the faculty at Louisiana College per written employment agreement.

In March 2016, following notice, a due process hearing before a faculty committee of his peers, and an appeal to the Board of Trustees, Aguillard was fired as president emeritus and tenured professor. Aguillard filed suit alleging tort and contract issues against Louisiana College and others. Per their agreement, Aguillard and Louisiana College entered into arbitration. In October 2016, the arbitration panel dismissed, with prejudice, the breach of contract, wrongful termination, and detrimental reliance claims filed by Aguillard against Louisiana College. This arbitration award was confirmed by a consent judgment signed by both Aguillard and Louisiana College in September 2017. This confirmation judgment became a final judgment after all time limits for appeal or modification had run.

In March 2018, Aguillard filed a petition to annul the judgment confirming the arbitration award under La.Code Civ.P. art. 2004 against Louisiana College. Aguillard's petition alleges that Louisiana College's failure to inform him of its acceptance of a $10,000,000.00 donation subject to the condition that he remain

"President Emeritus" of Louisiana College for at least five years was an ill practice because, *at arbitration*, Louisiana College claimed that Aguillard was employed at will versus his employment having a term. Aguillard contended that Louisiana College's acceptance of the donation served as a stipulation *pour autrui* that amended his employment contract to have a term. As such, Aguillard alleged that Louisiana College's ill practice was violating its continuing duty to disclose this information to him, the arbitration panel, and the court.

In response, Louisiana College pointed out that Aguillard was fired for cause. Accordingly, whether his contract had a term is not relevant, and "[a]rticle 2004 dictates that a judgment will not be annulled on account of fraud or ill practice in the course of a legal proceeding if the fraud or ill practice pertained to a matter irrelevant to the basis of the decision." *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 01-149, p. 7 (La. 10/16/01), 800 So.2d 762, 767. This is true because, under those circumstances, the judgment "was not obtained by fraud or ill practice." *Id.*

Moreover, Louisiana College states that even if Aguillard's amended petition was taken as true, the ill practice alleged related to the arbitration proceeding and its award. As such, Louisiana College, citing *Napolitano v. Gill*, 12-206 (La. 5/4/12), 88 So.3d 446, filed exceptions of no cause of action and res judicata based on the untimeliness of Aguillard's initial petition to annul and the fact that Aguillard's allegations relate to the arbitration award, not the confirmation judgment.

The trial court granted these exceptions, dismissing Aguillard's petition to annul. Aguillard appeals this judgment of the trial court and assigns two errors.

**ASSIGNMENTS OF ERROR:**

1.   The Trial Court erred in sustaining Defendant's Exception of No Cause of Action filed in response to a Petition to Annul Judgment under La. Code Civ. P. art. 2004 and in dismissing Plaintiff's Petition to Annul Judgment, as amended, with prejudice.

2. The Trial Court erred in sustaining Defendant's Exception of *Res Judicata* based upon the Trial Court's judgment confirming the Arbitration Panel's Award which Plaintiff was seeking to annul under La. Code Civ. P. art. 2004.

## ASSIGNMENT OF ERROR NUMBER ONE:

Aguillard's first assignment of error is that the trial court erred in sustaining Louisiana College's exception of no cause of action and in dismissing his petition to annul judgment, as amended, with prejudice. We find no merit to this assignment of error.

Our supreme court, in *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 118-19 (citations omitted), stated the following:

> A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. No evidence may be introduced to support or controvert an exception of no cause of action. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

> Louisiana has chosen a system of fact pleading. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action.

> The burden of demonstrating that the petition states no cause of action is upon the mover. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition, states any valid cause of action for relief.

In the case before us, Aguillard filed his amended petition alleging a violation of La.Code Civ.P. art. 2004. That single alleged violation is that Louisiana College's failure to inform him of its acceptance of a $10,000,000.00 donation subject to the

3

condition that he remain "President Emeritus" of Louisiana College for at least five years was an ill practice because, *at arbitration*, Louisiana College claimed that Aguillard was employed at will versus his employment contract containing a term of five years.

Louisiana Code of Civil Procedure Article 2004 states:

> A. A final judgment obtained by fraud or ill practices may be annulled.
>
> B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
>
> C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

In *Napolitano*, 88 So.3d at 446-47 (emphasis added), the Louisiana Supreme Court stated:

> This matter arises from a dispute between attorneys over fees. After arbitration, the arbitrator awarded plaintiff 50% of the fees in the underlying litigation. Plaintiff then filed a proceeding in the district court to confirm the arbitration. After a contradictory hearing at which both attorneys appeared, the district court rendered judgment on November 19, 2010, confirming the arbitrator's award. Defendant did not move for a new trial, nor did he file a motion and order for appeal. Three months later, on February 9, 2011, defendant filed a petition to annul the judgment of the arbitrator, alleging the arbitrator erred in prohibiting one of defendant's witnesses from testifying during the arbitration, and erred in determining the amount of fees that should be divided. Plaintiff responded by filing an exception of no cause of action. The district court overruled the exception, and the court of appeal denied plaintiff's request for supervisory review. Plaintiff then sought review in this court.
>
> In essence, defendant's petition alleges the arbitration award should be annulled because the arbitrator failed to allow one of his witnesses to testify. Such a ground might arguably be a basis for vacating the award under La. R.S. 9:4210(C), which provides an award may be vacated "[w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, **or in refusing to hear evidence pertinent and material to the controversy**, or of any other misbehavior by which the rights of any party have been prejudiced." However, La. R.S. 9:4213 provides such a motion must be filed within three months after the arbitrator's award is filed or

delivered. Defendant's petition to annul was filed well outside of this time period.

As a result, defendant's remedy would be limited to an action for nullity of the district court's judgment on the basis of fraud or ill practices under La.Code Civ. P. art. 2001 *et seq.* Nothing in defendant's petition for nullity alleges fraud or ill practices in connection with the district court's judgment.

Accordingly, the writ is granted. The judgment of the district court is reversed, and plaintiff's exception of no cause of action is granted. Pursuant to La.Code Civ. P. art. 934, the case is remanded to district court to determine whether the objection may be removed by amendment of the petition, and if so, to set an appropriate delay for amendment. La.R.S. 9:4213.

Here, Aguillard's petition to annul was filed on March 19, 2018. The arbitrator's award was filed or delivered on October 6, 2017. Thus, as was the case in *Napolitano*, Aguillard's petition to annul was filed more than three months after the arbitrator's award was delivered. As such, according to *Napolitano*, Aguillard's remedy is limited to an action for nullity of the trial court's judgment. Nothing in Aguillard's amended petition alleges fraud or ill practices in connection with the trial court's judgment confirming the arbitrator's findings. Therefore, like in *Napolitano*, Louisiana College's exception of no cause of action was properly granted by the trial court and must be upheld by this court.

## ASSIGNMENT OF ERROR NUMBER TWO:

Aguillard's second assignment of error is that the trial court erred in sustaining Louisiana College's exception of res judicata. Our finding in Assignment of Error Number One that the trial court property dismissed Aguillard's amended petition for failing to state a cause of action renders this assignment of error moot. As such, any adjudication of this assignment of error would have no practical value.

## CONCLUSION:

Joe Aguillard raises two assignments of error. We find no merit in the first and uphold the trial court's grant of Louisiana College's exception of no cause of

5

action. This finding renders Aguillard's second assigned error moot. All costs of these proceedings are assessed to Joe Aguillard.

**AFFIRMED.**